603 P.2d 715

**STATE of New Mexico, Petitioner,**

v.

**Bobby JAMES, Respondent.**

**No. 12430.**

Supreme Court of New Mexico.

Nov. 30, 1979.

Rehearing Denied Dec. 10, 1979.

Jeff Bingaman, Atty. Gen., Janice Marie Ahern, Asst. Atty. Gen., Santa Fe, for petitioner.

Cynthia H. Heller, Navajo Legal Aid & Defender Service, Window Rock, Ariz., for respondent.

OPINION

PAYNE, Justice.

Defendant was charged in district court with homicide by vehicle. He moved to dismiss the charge, contending that prior proceedings in the municipal court on lesser included offenses barred a subsequent prosecution for the greater offense. The dis-

trict court denied the motion, and defendant brought an interlocutory appeal to the Court of Appeals. The Court of Appeals held that jeopardy had attached at the municipal court level. It reversed the district court and held that the charges against defendant should be dismissed. We granted a writ of certiorari and now affirm the district court and hold that jeopardy had not attached.

This case presents two issues for resolution:

(1) Does defendant's attendance at the Alcohol Related Offenses (ARO) school support a finding of a DWI conviction and cause jeopardy to attach?

(2) Is there a jurisdictional exception to the lesser included offense rule which is applicable in this instance?

■ A vehicle driven by defendant was involved in a head-on collision which resulted in the death of the other driver. Defendant was cited for driving while under the influence of intoxicating liquor (DWI), reckless driving, and failure to illuminate headlamps, all three offenses being violations of the Gallup City ordinances. The City instituted proceedings against defendant for these offenses. The State independently filed a criminal complaint against defendant in the Magistrate Court of McKinley County alleging homicide by vehicle on the grounds that defendant had driven his vehicle in an unlawful and reckless manner, and had done so while under the influence of alcohol in violation of Section 66–8–101, N.M.S.A.1978.

Five days after the filing of the criminal complaint, defendant was found guilty of reckless driving and driving without headlamps in municipal court. The circumstances surrounding the disposition and effect of the DWI charge against defendant have been the subject of some confusion.

The Court of Appeals held that defendant had pled guilty to the DWI charge and that the district court must necessarily have accepted the plea. This, the Court of Appeals reasoned, must have been the case or the court would not have utilized the ARO school provision permitting the removal of a DWI conviction from the record of defendant upon the successful completion of the course.

The record, however, shows that defendant pled "not guilty" to all charges in municipal court, and that the DWI charge was dismissed following defendant's voluntary attendance at the ARO school. The record does not show a plea of guilty or a trial to determine guilt or innocence on the DWI charge. This circumstance does not rise to the level of a conviction for purposes of double jeopardy, and defendant has not been so prejudiced by these proceedings that jeopardy can be said to have attached. *State v. Rhodes*, 76 N.M. 177, 413 P.2d 214 (1966).

■ Jeopardy is said to attach at that point when a jury is impaneled, *State v. Rhodes, supra; State v. Sedillo*, 88 N.M. 240, 539 P.2d 630 (Ct.App.1975), or, in a non-jury situation, when the State presents at least some evidence, *State v. Ferris*, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969). The record does not indicate that proceedings concerning the DWI charge reached this point. A conviction cannot be assumed by virtue of defendant's voluntary attendance at the ARO school.

We hold that jeopardy did not attach by virtue of the DWI charge so as to preclude the State from prosecuting the felony charge. To hold otherwise would pave the way for defendants to evade vehicular homicide prosecutions simply by volunteering for ARO school, or paying a nominal fine for a lesser charge in municipal court and claiming double jeopardy at trial on the greater offenses.

■ We also reassert the jurisdictional exception to using a lesser included offense as a bar to prosecution of the greater offense. This exception was set forth in *State v. Goodson*, 54 N.M. 184, 186, 217 P.2d 262, 263 (1950), where the Court quoted the following language from 1 F. Wharton, *Criminal Law* § 394 (12th ed.):

And a conviction of a lesser offense bars a subsequent prosecution for a greater offense, in all those cases where the less-

er offense is included in the greater offense, and vice versa. But a former trial and acquittal or conviction will not be a bar to a subsequent prosecution, unless the defendant could have been convicted on the same evidence in the former trial, of the offense charged in the subsequent trial. An acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for the greater offense.

This exception was recognized in the specially concurring opinion of Justice Sosa in *State v. Tanton*, 88 N.M. 333, 337, 540 P.2d 813, 817 (1975):

> I would hold that conviction bars prosecution of a greater offense, subject to one exception: If the court does not have jurisdiction to try the crime, double jeopardy cannot attach. Double jeopardy requires that a court have sufficient jurisdiction to try the charge.

This exception does not conflict with the United States Supreme Court decision in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). The *Waller* decision stands for the proposition that two courts within a state—district and municipal—cannot each try a person for the same crime. However, the Supreme Court recognized the possible existence of exceptions to this rule. *Id.* at 395, n. 6, 90 S.Ct. 1184. In *Ashe v. Swenson*, 397 U.S. 436, 453, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), Mr. Justice Brennan specified and elaborated upon several of these exceptions in his concurring opinion. He stated: "Another exception would be necessary if no single court had jurisdiction of all the alleged crimes." *Id.* at 453, n. 7, 90 S.Ct. at 1199, n. 7.

It is clear that the municipal court in this case was acting pursuant to its authority to punish defendant for his traffic infractions, but it is equally clear that it had no authority to prosecute for vehicular homicide. Consequently, under the jurisdictional exception the State's felony prosecution against defendant may proceed. The cause is remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, FEDERICI and FELTER, JJ., concur.