678 P.2d 706

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**George PADILLA, Defendant-Appellant.**

**No. 7032.**

Court of Appeals of New Mexico.

Aug. 11, 1983.

Paul G. Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Henry R. Quintero, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

Defendant appeals his conviction of battery on a peace officer, in violation of NMSA 1978, § 30–22–24. Two issues are raised:

1. Whether the trial and conviction constituted double jeopardy when defendant had already been convicted of resisting arrest; and

2. Whether the court erred in failing to instruct on the lesser included offense of simple battery.

A third issue, listed in the docketing statement but not briefed, is abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

### I. Double Jeopardy

Whether defendant's double jeopardy rights were violated depends on whether resisting arrest is a lesser and necessarily included offense of battery on a peace officer and whether, because the court in which defendant was convicted of resisting arrest lacked jurisdiction over the battery charge, a jurisdictional exception as stated in *State v. James*, 93 N.M. 605, 603 P.2d 715 (1979), exists.

Defendant was charged in district court with battery on a peace officer. The jury was instructed that, in order to find defendant guilty, the State had to prove that defendant kicked Officer Spencer in a rude, insolent, or angry manner at a time when Officer Spencer was a peace officer performing his duties.

Officer Schmidt had noticed defendant driving erratically. He attempted for several blocks and finally was able to pull defendant over. Defendant got out of his car, appeared to faint, and the officer reached to help him. Defendant caught himself and pushed himself up and off his car, causing the officer to lose his balance and fall backwards. Defendant then got back into his car and drove off. Following a high speed chase, defendant was finally stopped again at a street corner within the municipality where Officers Couch and Spencer, together with Schmidt, had cornered defendant. At the time of the battery, Schmidt and Couch were on either side of defendant attempting to handcuff him; defendant was struggling with his body and thrashing from side to side. As Spencer approached to assist Schmidt and Couch, defendant kicked Spencer in the groin.

After Schmidt's direct testimony, defendant moved to dismiss on grounds of double jeopardy, tendering without objection a copy of a magistrate court judgment and sentence. That judgment recites that defendant pleaded guilty to resisting arrest, among other offenses, and was sentenced separately for each separate offense. Following argument, during which defendant contended without objection from the State that resisting arrest, in violation of NMSA 1978, § 30–22–1 D (Cum.Supp.1982), was an included offense of battery on a peace officer, the trial court denied the motion because of the jurisdictional exception stated in *State v. James*.

The complaint for the misdemeanors does not appear to have been filed during the trial in district court, but it was made a part of the record on appeal by motion and affidavit. The State did not object to its being included, and because defendant did call the district court's attention to the subsection of § 30–22–1 under which he had been convicted, this court considers the magistrate court complaint. It shows that defendant was charged with "resisting arrest" under § 30–22–1 (Cum.Supp.1982), in that "when stopped by police officers, [he] did resist arrest by fighting with them at 7th and Main." Section 30–22–1 is entitled "Resisting, evading or obstructing an officer," and consists of: (1) resisting process or court orders; (2) fleeing or evading an

officer who is trying to arrest; (3) refusing to stop a vehicle when ordered to do so by police; or (4) resisting or abusing any peace officer in the lawful discharge of his duties.

Although, under the facts of this case, defendant could have been charged with violations of (2), (3), or (4), above, the charge to which he pleaded was one of resisting by fighting at 7th and Main. As his counsel argued below, that was a violation of § 30–22–1 D, the fourth means of violating the statute, as enumerated above.

Is resisting or abusing an officer in the lawful discharge of his duties a necessarily included offense of touching or applying force to an officer in the lawful discharge of his duties when done in a rude, insolent, or angry manner? Defendant argues that when construed in the light of the evidence in this case, as required by *State v. DeMary*, 99 N.M. 177, 655 P.2d 1021 (1982), the battery could not have been committed without abusing the officer while resisting arrest. The State answers that the factual analysis applied in *DeMary* should be limited to *DeMary's* facts; that here we should look to the statutory elements to determine if resisting is a lesser included offense. *See State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App.), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977). The State argues further that because peace officer battery simply requires that the officer be performing his duties, and resisting requires the officer to be engaged in the specific duty of arrest, the offenses are not the same.

■ Whether one uses the factual analysis of *DeMary* or the statutory analysis of *Kraul*, resisting, defined in § 30–22–1 D, is a lesser included offense of peace officer battery prohibited by § 30–22–24, even though the statutory elements of the other subsections of § 30–22–1 are not necessarily included in peace officer battery. Under the statutory analysis of *Kraul*, § 30–22–1 D requires (1) resisting or abusing (2) the officer (3) who is performing his duties. Section 30–22–24 refers to the same officer and the same duties. It requires a touching or application of force in a rude, inso-

lent, or angry manner. There is a discussion in *Kraul* concerning "rude, insolent, or angry" which indicates that one cannot resist or abuse without being rude, insolent or angry. The only difference, then, is that battery requires the resisting or abusing to have culminated in a touching, while resisting also prohibits lesser forms of resisting. Stated otherwise, one cannot commit battery on a peace officer without also resisting or abusing that officer contrary to § 30–22–1 D. Thus, under the statutes, resisting is a lesser offense of battery. *People v. Perkins*, 9 Cal.App.3d 1048, 88 Cal.Rptr. 720 (1970).

■ Under the factual analysis of *DeMary*, defendant was charged in magistrate court with resisting by fighting. In district court the charge was battery by kicking. It was the same offense; the same incident. The State suggests that the resisting was struggling with Schmidt and Couch, and the battery was kicking Spencer. The double jeopardy prohibition does not allow the State to break an offense into such discrete parts. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Moreover, the State chose to rely on resisting by fighting in the lower court and battery by kicking in the higher court. Under *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), defendant's double jeopardy claim is substantial. *See State v. Maes*, 100 N.M. 78, 665 P.2d 1169 (Ct.App.1983), where despite a series of possible separate assaults, this court held that the assault charge merged with the robbery.

The final question which must be addressed in defendant's double jeopardy claim is whether this court should apply the jurisdictional exception asserted in *James*. The State contends that it should, first because of Alexander v. Delgado, 84 N.M. 717, 507 P.2d 778 (1973); second, because resisting is not an included offense and, third, because recent United States Supreme Court cases continue to recognize this exception. The second reason has already been addressed: Resisting is a lesser included offense of battery. The first and

third reasons were effectively answered in *State v. Manzanares*, 100 N.M. 621, 674 P.2d 511 (Ct.App.1983).

■ We are not required to follow New Mexico Supreme Court precedent when a contrary United States Supreme Court decision intervenes. *Manzanares*. Nor is the State correct in asserting that the Supreme Court continues to recognize the exception contended for. The *Manzanares* discussion ably outlines the development of federal and state decisions after *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), which rejected the notion that two courts within a state could try a person for the same crime. *Manzanares* clearly discloses the inaccuracy of the State's contention as well as the invalidity of the rule of exception first suggested in *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

*Diaz* mentioned two instances when double jeopardy would not attach. One was an exception permitting a second prosecution when the necessary facts to support a greater charge had not occurred at the time of trying the lesser offense, or when those facts had not been discovered despite exercise of due diligence. The other was the jurisdictional exception as stated in *State v. James*, i.e., that there could be no double jeopardy if the court trying the lesser offense did not have jurisdiction to try the greater. *See Culberson v. Wainwright*, 453 F.2d 1219 (5th Cir.), *cert. denied*, 407 U.S. 913, 92 S.Ct. 2449, 32 L.Ed.2d 688 (1972). We particularly note that not one Supreme Court case after *Waller* has alluded to *Diaz's* jurisdictional exception although they have frequently noted *Diaz's* necessary facts exception, *e.g.*, *Vitale*, n. 8; *Brown v. Ohio*, n. 7; *Jeffers v. United States*, 432 U.S. 137, 151, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168, 180–81 (1977). Plainly, *Diaz's* jurisdictional exception is no longer a viable rationale for prosecution on the greater offense. *See* cases cited in *Manzanares*.

Prosecution of the peace officer battery charge necessarily relied on proof of resisting the officer. Defendant, having been convicted of the lesser, was subjected "for the same offense to be twice put in jeopardy of life or limb," contrary to the Fifth and Fourteenth Amendments. His conviction must be reversed.

## II. Instruction on Simple Battery

■ In New Mexico, simple battery is a lesser included offense of peace officer battery; defendant is entitled to an instruction on simple battery if the evidence raises a factual issue of whether the peace officer used excessive force so as to take him out of the scope of his lawful duties. *State v. Gonzales*, 97 N.M. 607, 642 P.2d 210 (Ct. App.1982). The question in this case is whether there was such evidence of excessive force by Officer Spencer. *State v. Melendrez*, 91 N.M. 259, 572 P.2d 1267 (Ct.App.1977).

■ The transcript shows that as Spencer approached defendant he was kicked. One of the officers thereupon put a choke-hold on defendant. Yet, even according to defendant, the choke-hold was not applied until Spencer had been kicked. Under *Melendrez*, this was insufficient evidence upon which to entitle defendant to a simple battery instruction for the offense against Spencer.

■ To the extent that defendant argues that he was entitled to the instruction based on the actions of all the officers, *Melendrez* instructs that battery upon a police officer who has not applied excessive force will not entitle defendant to the instruction simply because other officers may have used excessive force. The evidence was that just before Spencer was kicked, Officers Schmidt and Couch were trying to handcuff defendant. Defendant clasped his hands together and began to thrash about. The officers, one on each side, were attempting to break his handclasp to handcuff him. They testified that their grasps on defendant's arms were not very painful and their efforts were necessary to effectuate the arrest. Defendant said the officers threw him against the car and pulled his arms back to handcuff him, but he admitted it was not painful. Later

effects felt by defendant in his head and neck were from the choke-hold, not from the attempts to handcuff him, and certainly not from any conduct of Officer Spencer.

 The jury was instructed on self-defense at defendant's request. The instruction was erroneous in that it did not limit defendant's right to use self-defense in answer to use of excessive force by the police. *State v. Kraul.* The State objected to the instruction, but abandoned its objection on appeal. Nevertheless, the instructions on simple battery and self-defense were both dependent upon the issue of excessive force. The simple battery instruction was correctly refused; the State's abandonment of any contention of error in the self-defense instruction cannot offer any strength to defendant's claim that if the self-defense instruction was correct, so would have been the simple battery instruction. Neither was supported by the evidence, and defendant received more in the way of instructions than he was entitled to.

Nevertheless, defendant's conviction is reversed because of double jeopardy violation. The case is remanded with instructions to dismiss the information with prejudice.

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.