674 P.2d 511

**STATE of New Mexico, Petitioner,**

v.

**Heraldo J. MANZANARES, Respondent.**

**No. 15051.**

Supreme Court of New Mexico.

Dec. 7, 1983.

Rehearing Denied Jan. 11, 1984.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, Aaron J. Wolf, Asst. Public Defender, Santa Fe, for respondent.

## OPINION

FEDERICI, Justice.

This is a criminal action arising in Rio Arriba County. Defendant was charged in the district court with a single felony count of homicide by vehicle while driving under the influence of intoxicating liquor. NMSA

1978, §§ 66–8–101, 102 (Cum.Supp.1982). Defendant was also charged with several misdemeanor traffic offenses in the Rio Arriba Magistrate Court. The offenses included two counts of reckless driving, NMSA 1978, Section 66–8–113 (Cum.Supp. 1982); driving while intoxicated (DWI), NMSA 1978, Section 66–8–102 (Cum.Supp. 1982); failure to remain at an accident involving death or injury, NMSA 1978, Section 66–7–201(A); and failure to have a driver's license, NMSA 1978, Section 66–5–2 (Cum.Supp.1982). Defendant pled guilty to the misdemeanors in magistrate court and received a fine and a brief jail sentence. Defendant then filed a motion to dismiss the homicide indictment in district court on the grounds of double jeopardy. The district court denied the motion to dismiss but granted a motion for interlocutory appeal. The Court of Appeals granted the motion for appeal and reversed and remanded to the district court with directions to dismiss the indictment with prejudice. We granted certiorari and reverse the Court of Appeals.

The Court of Appeals held that *State v. James*, 93 N.M. 605, 603 P.2d 715 (1979) was inapplicable to this case in light of *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) and that the rule of law known as the "jurisdictional exception" was presented as "dicta" in *James* and was not limiting upon the Court of Appeals. We disagree.

■ The Court of Appeals is to be governed by the precedents of this Court. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). This is true even when a United States Supreme Court decision seems contra. *Id.* at 718, 507 P.2d at 779; *see also Salazar v. State*, 82 N.M. 630, 485 P.2d 741 (1971). If *James* is to be overruled this Court must do it. A more proper course would have been certification of the question to this Court for a determination of whether *James* is still applicable in light of *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

■ The New Mexico Constitution provides that no person shall "be twice put in jeopardy for the same offense." N.M.

Const. art. 2, § 15. Double jeopardy is also prohibited by the Fifth Amendment of the United States Constitution which is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The proper definition of "same offense" is often a matter of controversy in double jeopardy cases. Generally, a conviction of a lesser offense bars a subsequent prosecution for a greater offense where the lesser offense is included in the greater offense. *State v. Goodson*, 54 N.M. 184, 217 P.2d 262 (1950). Acquittal of the lesser offense may have the same effect. *See Annot.,* 4 A.L. R.3d 874 §§ 3, 4 (1965). Several tests have been developed for the determination of whether a lesser included offense and the greater offense are the "same offense" for double jeopardy purposes. The most commonly used is the "same evidence" test, stated in New Mexico as "whether the facts offered in support of one [offense], would sustain a conviction of the other." *Owens v. Abram*, 58 N.M. 682, 684, 274 P.2d 630, 632 (1954), *cert. denied*, 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed. 719 (1955). Therefore, in New Mexico, a defendant may not be tried in a second trial for a greater offense which would require the presentation of all of the evidence which was used in a first trial on a lesser included offense.

■ The United States Supreme Court acknowledged that there are exceptions to the "same offense" rule. In *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), the Court formulated two of the most notable exceptions. The first is that jeopardy for the greater offense does not attach until all of the facts necessary to prove the offense exist (the necessary facts exception). The second exception, which is applicable in the present case, is that jeopardy cannot extend to an offense beyond the jurisdiction of the court in which the accused is tried (the jurisdictional exception). We adopted the jurisdictional exception in *Goodson*. The defendant in *Goodson* was attempting to avoid a rape prosecution in the district court by pleading guilty to assault and battery in justice court. This

Court found that a conviction of assault and battery in the justice court did not bar a later prosecution for rape in the district court where the justice of the peace had no jurisdiction over the crime of rape. The applicability of this exception to DWI/vehicular homicide cases was noted by Senior Justice Sosa in his specially concurring opinion in *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975). The jurisdictional exception was reasserted in *State v. James,* 93 N.M. 605, 603 P.2d 715 (1979), a case factually similar to this case. In both *James* and this case, defendants were involved in fatal automobile accidents. In each case the defendant was charged with multiple misdemeanor offenses in the lower court and with homicide by vehicle in the district court. In *James,* the defendant was found guilty of reckless driving in municipal court and attended Alcohol Related Offenses (ARO) school. He then claimed, unsuccessfully, that his conviction in the lower court barred a trial on homicide charges in the district court on double jeopardy grounds. In the present case the defendant pled guilty to the charges in the lower court and now claims that a trial on the homicide charge is barred by the double jeopardy rule.

The defendant and the Court of Appeals argue that the jurisdictional exception is no longer applicable in light of two United States Supreme Court decisions, *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) and *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). The fatal flaw in this argument is that the facts in those cases would not support a claim of the jurisdictional exception and therefore the issue was not addressed by the United States Supreme Court. There was not a claim in either *Waller* or *Vitale* that the court hearing the lesser charge did not have jurisdiction to hear the greater charge as well. The losing argument in *Waller* was that the defendant could be tried for the identical offense in municipal court and district court because they were separate sovereign entities. The United States Supreme Court rejected the "dual sovereignty" theory under these facts

because cities are considered a part of the state, not a separate sovereign entity. In *Vitale* the lesser charge was heard in the Circuit Court of Cook County, Illinois, while the greater charge was brought in the juvenile division of the same court on the following day. Clearly, the jurisdictional exception could not be applied under such a fact pattern. The Court of Appeals was erroneous in its determination that *Vitale* renders *James* inapplicable in this case.

The Court of Appeals also stated that the language concerning the jurisdictional exception in *James* was dicta. However, we indicated that the jurisdictional exception was an important factor in the holding of *James.* This Court said, "under the *jurisdictional exception* the State's felony prosecution against defendant may proceed." 93 N.M. at 607, 603 P.2d at 717 (emphasis added). We expressed the logic behind this holding saying, "[t]o hold otherwise would pave the way for defendants to evade vehicular homicide prosecutions simply by . . . paying a nominal fine for a lesser charge in municipal court and claiming double jeopardy at trial on the greater offenses." 93 N.M. at 606, 603 P.2d at 716. In *James* we also noted that it was not clear that the defendant had ever been tried on the DWI charge. *Id.* Although this finding may constitute an alternative ground for the holding, it does not indicate that the reassertion of the jurisdictional exception was dicta. Finally, the holding in *James* is a reaffirmance of the Court's holding in *State v. Goodson,* 54 N.M. 184, 217 P.2d 262 (1950). *Goodson* made it clear that the jurisdictional exception is the law in New Mexico. In reaffirming the validity of the jurisdictional exception, we are not unmindful of the fact that some other jurisdictions, including the Supreme Court of the United States, have suggested alternatives to the jurisdictional exception set forth in *James.* Annot., 4 A.L.R.3d 874 § 4 (1965).

The strongest rationale supporting the double jeopardy rule is the prevention of oppression or harassment of citizens by the state. In *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957),

the Court said that the Double Jeopardy Clause guarantees, "that the State with all its resources and power [shall] not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal by compelling him to live in a continuing state of anxiety and insecurity ...." *Id.* at 187, 78 S.Ct. at 223.

In a specially concurring opinion in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), Justice Brennan pointed out that the law abhors a multiplicity of suits and that it is especially important to adhere to this philosophy in criminal cases. This philosophy formed the basis for Justice Brennan's proposed replacement of the "same evidence" test with a "same transaction" test. Under the "same transaction" test a defendant could be tried only once for all charges arising from a particular criminal act or event. Presumably, under this test, charges which are not brought at the first trial of the accused will be barred from future litigation by the double jeopardy rule. This Court rejected the same transaction test in *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975).

Justice Brennan noted, in *Swenson,* that the *Diaz* exceptions would still apply under the "same transaction" test but would limit the jurisdictional exception to cases where "no single court had jurisdiction of all the alleged crimes." 397 U.S. at 453, n. 7, 90 S.Ct. at 1199, n. 7. Justice Brennan's approach is more limited than the *James* exception since a single court in New Mexico, the district court, has jurisdiction of all the alleged crimes in this case. Under the Brennan rationale the jurisdictional exception would be almost nonexistent in a system which has a court of general jurisdiction, such as the New Mexico district court.

The problem with tests that do not recognize the jurisdictional exception is that they allow defendants to abuse the multi-level judicial system which exists in New Mexico and in other jurisdictions. Without the exception, a defendant can plead guilty to all misdemeanor charges arising from a criminal act in magistrate court and never be in jeopardy of a felony prosecution involving similar evidence in the district court. Using an analogy similar to that used by this Court in *Goodson,* reason and logic do not support a rule where one guilty of a crime of homicide by vehicle may escape a possible sentence of three years imprisonment by the expedient of pleading guilty to a charge of DWI or reckless driving where the penalty may be as low as a $25.00 fine and five days in jail. NMSA 1978, § 66–8–113(B) (Cum.Supp.1983).

As we indicated in *Tanton,* this situation could be avoided by a modicum of cooperation between prosecutors. 88 N.M. at 336, 540 P.2d at 816. However, there does not seem to be a practical way to enforce this type of cooperation. It can only be encouraged by the courts. The Court in *Tanton* also suggested that the defendant could move to abate the lower court proceeding so the matter could be determined by a court with jurisdiction to hear all the charges. *Id.* It does not seem likely that a defendant would make this motion if it would subject him to the possibility of a more severe penalty.

■ The United States Supreme Court cases do not appear to prohibit the application of the jurisdictional exception. We find no viable alternative to the rule laid down in *James* that would prevent the abuse which could result when a defendant pleads guilty to lesser offenses in a court without jurisdiction to hear a felony charge. There is, therefore, no compelling reason to overrule *James.* The Court of Appeals is reversed. The trial court properly overruled defendant's motion to dismiss the homicide indictment. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and RIORDAN and STOWERS, JJ., concur.