678 P.2d 686

STATE of New Mexico, Petitioner,

v.

George PADILLA, Respondent.

STATE of New Mexico, Petitioner,

v.

Charles FUGATE, Respondent.

Nos. 15098, 15127.

Supreme Court of New Mexico.

March 1, 1984.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, Henry R. Quintero, Asst. App. Defender, Santa Fe, for respondent Padilla.

Linda Fischer, Hobbs, for respondent Fugate.

## OPINION

FEDERICI, Chief Justice.

These cases have been consolidated since they present the same principal question on appeal. Both of these cases, *State v. Padilla* and *State v. Fugate*, involve the question of whether the "jurisdictional exception," as applied to double jeopardy claims, is still the law in New Mexico. We hold that it is.

Defendant Padilla was involved in an altercation with several police officers which resulted from Padilla's attempt to avoid arrest. While two officers were attempting to handcuff Padilla, he kicked a third officer in the groin. Padilla was charged with felony battery on a police officer as well as several misdemeanors, including resisting arrest. Padilla pled guilty to the misdemeanors in magistrate court. At the district court trial on the felony count Padilla moved to dismiss on grounds of double jeopardy, claiming that resisting arrest and battery on a police officer are the "same offense" for double jeopardy purposes. The trial court denied the motion because it found that the jurisdictional exception was applicable in this case. Padilla appealed his conviction to the Court of Appeals. The Court of Appeals found that the jurisdictional exception was not the law in New Mexico and reversed the conviction. The State brought the case before this Court on writ of certiorari. We reverse.

Defendant Fugate was involved in a three-vehicle accident which caused great bodily harm, followed by death, to a passenger of one of the other vehicles. Fugate entered a plea of nollo contendre to charges of DWI and careless driving in municipal court. He was found guilty and sentenced to alcohol treatment. Fugate was subsequently tried and convicted of homicide by vehicle in the district court. Fugate appealed his conviction, claiming that the second trial was barred on double jeopardy grounds. The Court of Appeals reversed Fugate's conviction and the State brought the case before this Court on writ of certiorari. We reverse.

We have recently addressed the question of whether the jurisdictional exception, as adopted in *State v. Goodson,* 54 N.M. 184, 217 P.2d 262 (1950) and *State v. James,* 93 N.M. 605, 603 P.2d 715 (1979), is still applicable in New Mexico in light of the recent United States Supreme Court opinion of *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). We held that there was no compelling reason to overrule *James. State v. Manzanares,* 674 P.2d 511 (1983).

 The records in each of the cases before us show that the district courts properly denied motions to dismiss the felony charges on double jeopardy grounds. The Court of Appeals is reversed in each case. The causes are remanded for further proceedings consistent with this opinion and with the holding of *State v. Manzanares, Id.*

The Court of Appeals opinion on the second issue in *Padilla,* concerning instructions on simple battery, is proper and correct and the court is affirmed on this issue.

The Court of Appeals opinion in *Fugate* concerning the necessary facts exception is also proper and correct. However, in light of our holding with respect to the jurisdictional exception, it is not necessary to reach the "necessary facts" question in *Fugate.*

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN and STOWERS, JJ., concur.