Leroy **SALAZ**, Petitioner,

v.

Robert **TANSY**, Respondent.

No. 87–0491 JP.

United States District Court,
D. New Mexico.

Dec. 6, 1989.

**370**

Leroy Salaz, Santa Fe, N.M., Federal Public Defender, Albuquerque, N.M., for petitioner.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, N.M., for respondent.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

This matter comes before the court on the proposed findings and recommended disposition of the United States Magistrate. On April 24, 1989, respondent filed objections to the proposed findings and recommended disposition. Having made a de novo determination of those portions of the Magistrate's proposed findings and recommended disposition objected to, I conclude that the proposed findings and recommended disposition of the United States Magistrate should be adopted with a further explanation as set forth below.

The United States Supreme Court adopted the "jurisdictional exception" to the double jeopardy defense in *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). In that case a Philippines justice of the peace found the petitioner Diaz guilty of assault and battery, a misdemeanor. Thereafter, his victim died and Diaz was charged with homicide, a felony. The Philippines Court of First Instance found him guilty of homicide. The United States Supreme Court held that the two offenses were distinct offenses both in law and fact and therefore not the same offense for double jeopardy purposes. *Id.* at 449, 32 S.Ct. at 251. The Court also held that because the lower court was without jurisdiction to try the petitioner for homicide, jeopardy did not extend to an offense beyond the court's jurisdiction. Although this "jurisdictional exception" adopted in *Diaz* has not been overruled explicitly, it is inconsistent with more recent United States Supreme Court decisions establishing that successive prosecutions in different courts of the same state violate the double jeopardy clause of the Fifth Amendment.

The United States Supreme Court in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), held that the double jeopardy clause of the Fifth Amendment bars prosecution and punishment for the greater offense following the prosecution and punishment for a lesser included offense. While not expressly addressing the "jurisdictional exception", the Court stated that the double jeopardy clause serves as a restraint on courts and prosecutors: "Courts are not allowed to impose more than one punishment for the same offense and prosecutors cannot attempt to secure that punishment in more than one trial." *Id.* at 165, 97 S.Ct. at 2225.

■ The test the United States Supreme Court employs to determine the same offense for double jeopardy purposes is the "same evidence" test as stated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not ... *Blockburger* at 304, 52 S.Ct. at 182.

The implication of the *Brown* decision is that even if the same conduct violates two distinct criminal statutes, one a felony and the other a misdemeanor, a second prosecution in district court of general jurisdiction would be barred by the double jeopardy clause following a prosecution of the misdemeanor in a magistrate court of limited jurisdiction. Even though the Court did not address the "jurisdictional exception" in its opinion, the Court's holding that two prosecutions for the same offense is unconstitutional necessarily prevents the use of the "jurisdictional exception" to circumvent the double jeopardy clause.

In *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), the issue before the United States Supreme Court was the asserted power of two Florida courts, a municipal court and a state court, to place petitioner on trial for the same alleged criminal conduct. The state law felony charge was based on the same acts as were involved in the violation of city ordinances. Florida based its asserted power to pursue two prosecutions on dual sovereignty of city and state courts. The Supreme Court limited its holding in *Waller* to overruling that assertion. *Id.* at 395, 90 S.Ct. at 1188. While the Court did not squarely face the "jurisdictional exception", it impliedly overruled the exception by holding that a municipal proceeding upon a lesser included offense would bar state court action on the greater offense.

In *Waller*, the Court specifically overruled other state court decisions which had treated municipalities and the state as separate sovereigns. *Waller* n. 3. Included among the state cases that were overruled was *State v. Garcia*, 198 Iowa 744, 200 N.W. 201 (1924), a case in which the Iowa court based its authority to prosecute the defendant twice on the "jurisdictional exception", not on a dual sovereignty theory. The Iowa Supreme Court had said that "... where a court trying a defendant on a lesser charge would have no jurisdiction of a greater offense involving such a charge, there can be no jeopardy". 200 N.W. at 202. In overruling *Garcia* the United States Supreme Court implicitly overruled the "jurisdictional exception" as applied in that case.

Courts from jurisdictions other than New Mexico which have considered claims that the "jurisdictional exception" of *Diaz, supra*, is still viable have rejected it in light of *Waller v. Florida, supra, Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), or *Brown v. Ohio, supra*. *See e.g. Culberson v. Wainwright*, 453 F.2d 1219 (5th Cir.1972) (holding that "jurisdictional exception" overruled by implication in *Waller v. Florida* ); *State v. Laguna*, 124 Ariz. 179, 602 P.2d 847, 848 (Ct.App.1979); *State v. Anonymous*, 31 Conn.Sup. 292, 329 A.2d 136 (1976); *State*

*ex rel. Seal v. Shepard*, 299 So.2d 644, 645 (Fla.App.1974); *State v. Foy*, 401 So.2d 948, 949 (La.1981); *Matter of Castillo*, 293 N.W.2d 839 (Minn.1980); *Yother v. State*, 182 Mont. 351, 597 P.2d 79, 82 (1979); *State v. Dively*, 92 N.J. 573, 458 A.2d 502, 509 (1983); *Bernard v. State*, 481 S.W.2d 427, 428 (Tex.Crim.App.1972) and *Rouzie v. Commonwealth*, 215 Va. 174, 207 S.E.2d 854, 856 (1974).

In *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973), the United States Supreme Court held that *Waller, supra*, should be fully retroactive. In *Robinson*, the Court remanded for decision on the issue of whether the state and municipal prosecutions were actually for the same offense. The Court did not reverse the judgment below because it was not evident that the state and municipal prosecutions were for the same offense. The Court intimated, however, that if both prosecutions were for the same offense, the second prosecution would be barred by the double jeopardy clause. On remand, the district court ruled that "states may not, by the device of creating courts of limited jurisdiction, avoid the constitutional mandate against placing a person twice in jeopardy for the same offense". *Robinson v. Neil*, 366 F.Supp. 924, 929 (E.D.Tenn 1973). The district court observed that no undue hardship is imposed on prosecutors who must manage their prosecutions so that all charges arising out of criminal conduct are brought in one proceeding. Any mistake by the prosecution in bringing charges is not a justification for depriving a person the ability to claim double jeopardy. *Id.* at 929.

■ In light of the United States Supreme Court decisions which imply that the "jurisdictional exception" is no longer viable, New Mexico may not allow two courts within the State to place a defendant on trial for the same offense in violation of the double jeopardy clause. New Mexico adopted the "same evidence" test in *Owens v. Abram*, 58 N.M. 682, 274 P.2d 630 (1954), *cert. denied*, 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed 719 (1955). Thus, in New Mexico a second prosecution and punishment for a

greater offense is barred following the prosecution and punishment for a lesser included offense. The New Mexico Court of Appeals held that resisting arrest is a lesser included offense of battery on a police officer. *State v. Padilla*, 101 N.M. 78, 678 P.2d 706 (Ct.App.1983), *reversed on other grounds*, 101 N.M. 58, 678 P.2d 686 (1984). Therefore, prosecution and punishment of one precludes prosecution and punishment of the other.

■ Applying the approved test to the present case, I conclude that petitioner Salaz was twice placed in jeopardy. Salaz pleaded guilty on December 19, 1985 in Magistrate Court to the lesser included charge of resisting, evading or obstructing a police officer and was sentenced to 364 days in the Roosevelt County Jail. On April 11, 1986, a jury in state district court convicted Salaz of the greater felony offense of battery on police officer and Salaz was sentenced to 18 months of incarceration in the State Penitentiary on May 13, 1986. It was conceded that both convictions arose out of the same criminal conduct. In violation of the double jeopardy clause, Salaz has been prosecuted and punished twice for the same offense.

The Supreme Court of New Mexico in *State v. Goodson*, 54 N.M. 184, 217 P.2d 262 (1950) adopted the "jurisdictional exception" set out in *Diaz v. United States*, *supra*. This was before the United States Supreme Court opinions in *Waller* (1970) and *Brown* (1977), *supra*. The New Mexico Supreme Court held that "an acquittal or conviction of a lesser included offense will not bar prosecution for the greater if the court which acquitted or convicted the accused did not have the jurisdiction to try the accused for the greater offense." *State v. Goodson* at 264. The court stated that as a matter of policy the "jurisdictional exception" is necessary so that the accused cannot plead guilty to the lesser offense and preclude prosecution on the greater.

The Supreme Court of New Mexico upheld the "jurisdictional exception" in *State v. Manzanares*, 100 N.M. 621, 674 P.2d 511 (1980), after the *Waller* and *Brown* opin-

ions. The New Mexico Supreme Court read the decision in *Waller v. Florida*, as addressing only the "dual sovereignty" exception and not the "jurisdictional exception" on the belief that the facts in that case would not support a claim of "jurisdictional exception". This interpretation by the New Mexico Supreme Court of the *Waller* opinion was too narrow. In *Waller*, the municipal court found the petitioner guilty of violating two city ordinances and sentenced the petitioner to 180 days in county jail. Thereafter, the State of Florida filed an information in state court against the petitioner, charging him with the felony of grand larceny. The violation of the two city ordinances and the felony of grand larceny were based on the same conduct. The municipal court which heard the lesser included offense did not have jurisdiction to hear the greater charge. Therefore, the facts in *Waller, supra,* would have permitted a contention that the "jurisdictional exception" applied.

In applying the "jurisdictional exception" the court in *Manzanares, supra,* reasoned that without it defendants would abuse the multi-level judicial system. By pleading "... guilty to all misdemeanor charges arising from a criminal act in magistrate court [the defendant would] never be in jeopardy for a felony prosecution involving similar evidence in the district court". 100 N.M. at 624, 674 P.2d at 514. The overriding policy concern of the courts of New Mexico is to avoid defendants escaping punishment for a greater offense after conviction on a lesser offense.

The New Mexico decisions point out that the "jurisdictional exception" protects the state from abuse of the multi-level judicial system by defendants. The courts do not want to allow a defendant to rush into a court of limited jurisdiction and plead guilty to a misdemeanor charge and thereby preclude the state from bringing a felony charge against the defendant in a court of general jurisdiction. While this is a valid concern, I conclude that it does not warrant protection at the expense of the rights of individual defendants. The facts in this case clearly do not present the type

of problems which have concerned the New Mexico courts. Both charges against petitioner were filed on the same date in the same court by the same prosecutor, who represented the state in both cases. The prosecutor chose to prosecute the petitioner in separate actions on offenses which arose out of the same alleged criminal act. Indeed, it would be a strange interpretation of the double jeopardy clause to hold that the "jurisdictional exception" allows a prosecutor separately to prosecute a defendant for a lesser and greater offense as long as the separate prosecutions take place in different courts in the same state. When the state controls prosecutions in its multi-level judicial system, the double jeopardy clause is a defendant's only protection.

The New Mexico Supreme Court has suggested that the situation presented in this case could be avoided if prosecutors would cooperate with one another. *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). However, the court found no practical way to assure such cooperation. It would be absurd to apply the "lack of cooperation" rationale in this case due to the fact that the same prosecutor brought both the lesser and greater charges. The state controlled the mode of prosecution and is bound by its choice; it cannot avoid the effect of proceeding as it did even if that means that a defendant may not be prosecuted on a felony charge.

In *State v. Fugate*, 101 N.M. 58, 678 P.2d 686 (1984), *aff'd sub nom*, 470 U.S. 904, 105 S.Ct. 1858, 84 L.Ed.2d 777 (1985), the New Mexico Supreme Court again upheld the "jurisdictional exception" as the law in New Mexico. The United States Supreme Court, by an equally divided court—Justice Powell not participating—affirmed *Fugate*. While the petitioner argued that the issue before the Court was the viability of the "jurisdictional exception" in light of recent United States Supreme Court cases, the respondent argued that the "jurisdictional exception" was not an issue in the case. The respondent argued that the two offenses were not the same; therefore, petitioner's double jeopardy rights were not violated. Under these circumstances, the affirmance by an equally divided Court

does not amount to a validation of the jurisdictional exception to double jeopardy.

IT IS THEREFORE ORDERED that the proposed findings and recommendations of the United States Magistrate are adopted by the Court and that the New Mexico District Court of the Ninth Judicial District, Roosevelt County, is ordered to vacate the judgment and sentence in *State v. Salaz*, No. 86–CR–01.