10 P.3d 871

2000-NMCA-085

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Dave DARKIS, Defendant–Appellant.**

**No. 20,222.**

Court of Appeals of New Mexico.

July 6, 2000.

Certiorari granted, No. 26,474, Sept. 21, 2000.

548

Patricia A. Madrid, Attorney General, M. Anne Kelly, Assistant Attorney General, Santa Fe, NM for Appellee.

Phyllis H. Subin, Chief Public Defender, Christopher Bulman, Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

ARMIJO, Judge.

{1} Dave Darkis (Defendant) challenges his conviction for felony possession of cocaine. This appeal presents a question regarding double jeopardy—specifically, the prohibition against successive prosecutions—and a defendant's right to have the jury instructed in accordance with that defendant's theory of defense. For the reasons discussed below, we reverse Defendant's conviction, remanding the matter for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} The facts of this case are not significantly in dispute. In late April 1998, Defendant was arrested upon a probation violation. In conducting a search attendant to arrest, police discovered in Defendant's coat pocket two "scorched" pipes. Police performed a field test on one of the pipes, but found no evidence of any drug. The next day, the State charged Defendant in magistrate court with possession of drug paraphernalia, a misdemeanor. Defendant pled guilty, waiving his right to counsel, and the magistrate court sentenced him to 30 days in jail and 334 days on probation.

{3} Sometime thereafter, the arresting officer sent the pipes to the state laboratory for more comprehensive testing. When the laboratory testing was completed, the State learned that one of the pipes contained trace amounts of cocaine residue. Armed with this new evidence, in late October 1998, the State charged Defendant with possession of cocaine. By this time, he had completed his service of the thirty-day sentence on the prior misdemeanor conviction. By motion, Defendant argued that this second prosecution would violate his right not to twice be placed in jeopardy. Concluding that the elements of the alleged greater crime did not necessarily subsume the elements of the lesser, the district court denied the motion. The matter went to trial in February 1999.

{4} The State presented evidence at trial as to the discovery of the pipes on Defendant's person, the initial field examination of the pipes, and the subsequent laboratory testing which determined the existence of cocaine residue. In response, Defendant took the stand and admitted to being addicted to cocaine; however, he maintained that his friend had found these pipes in an alley the day he was arrested and that, while he knew they were crack pipes, he had never smoked cocaine in them. He further testified that he did not know the pipes contained de minimis amounts of the drug.

{5} At the close of evidence, Defendant requested a jury instruction regarding misdemeanor possession of drug paraphernalia,

arguing that the State failed to show Defendant knowingly possessed the cocaine residue and that the evidence supported, if anything, only a conviction on the lesser charge. The State responded that no such instruction should be given as Defendant had already pled to, been convicted of, and served time upon a charge for misdemeanor possession of paraphernalia. Without explaining its rationale, the district court denied Defendant's request and instructed the jury only as to felony possession of cocaine. Defendant argued at closing that the State had failed to show he knowingly possessed cocaine and that, at most, he could only be found guilty of possessing drug paraphernalia.

{6} The jury convicted Defendant upon the felony charge. As Defendant had two prior felony convictions, the underlying sentence of eighteen months was enhanced to four years in prison. Defendant appeals.

## DISCUSSION

{7} Defendant makes two arguments of error below. First, he claims that the district court erred by not applying our Supreme Court's "same-evidence test," as articulated in *State v. Tanton*, 88 N.M. 333, 335, 540 P.2d 813, 815 (1975). He claims that the New Mexico Constitution demands a greater protection of a criminal defendant's right to be free from successive prosecutions than is provided by the federal, same-elements test. *Cf. Swafford v. State*, 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991) (recognizing need for greater protections of defendant's rights in context of successive prosecution). If Defendant were to prevail on this argument, we would reverse his conviction and the State would be prohibited from seeking a retrial. Alternatively, Defendant argues that the district court erred in refusing his tendered jury instruction as to the misdemeanor. If Defendant were to prevail on this argument, we would reverse and the matter would be remanded for a new trial. We address each of Defendant's arguments in turn.

## 1. *The Felony Prosecution and Double Jeopardy*

■ {8} We do not reach Defendant's arguments pertaining to whether, in instances of successive prosecutions, New Mexico applies the same-elements, same-evidence, or another double jeopardy analysis. Instead, we hold that the jurisdictional exception to double jeopardy, which remains the law of our state, applies. We explain further.

■ {9} In *State v. Goodson*, 54 N.M. 184, 217 P.2d 262 (1950), our Supreme Court first recognized a jurisdictional exception to double jeopardy. The Court discussed the general rule as applied in other jurisdictions, that is, that "[a]n acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for the greater offense." *See id.* at 186, 217 P.2d at 263 (internal quotation marks and citation omitted). It then adopted the rule for our state, stating:

> Reason and logic do not support a rule whereby one guilty of the crime of rape may escape a possible sentence of 99 years in the penitentiary by the expedient of pleading guilty to a charge of assault and battery in a justice court where the penalty may be as low as a fine of $5.00.

*Id.* at 188, 217 P.2d at 265; *accord Tanton*, 88 N.M. at 337, 540 P.2d at 817.

{10} Importantly, our Supreme Court has resolutely adhered to this rule. For example, in *State v. Manzanares*, 100 N.M. 621, 624, 674 P.2d 511, 514 (1983), our Supreme Court reversed this Court's application of United States Supreme Court precedent holding that the jurisdictional exception no longer applied in New Mexico. It again summarily reversed this Court, on the same grounds, in *State v. Padilla*, 101 N.M. 58, 59, 678 P.2d 686, 687 (1984). Nonetheless, Defendant points to a federal district court opinion to argue that the rule no longer applies in New Mexico. *See Salaz v. Tansy*, 730 F.Supp. 369 (D.N.M.1989). While Judge Parker of the United States District Court for the District of New Mexico has presented persuasive reasoning for rejecting the exception, our Supreme Court has already spoken on this point. *See Manzanares*, 100 N.M. at 624, 674 P.2d at 514 ("The United States Supreme Court cases do not appear to pro-

hibit the application of the jurisdictional exception."). Accordingly, Defendant's argument is of no moment in this Court. *See id.* at 622, 674 P.2d at 512 ("The Court of Appeals is to be governed by the precedents of this Court ... even when a United States Supreme Court decision seems contra." (Citation omitted.)).

{11} Turning now to the application of the exception to the case before us, the felony prosecution subsequent to Defendant's misdemeanor conviction and sentence in magistrate court did not violate double jeopardy. Our magistrate court has no jurisdiction to hear felony matters. *See* NMSA 1978, § 35–3–4 (1985). The prior misdemeanor proceeding did not place Defendant in jeopardy as to the felony charged for cocaine possession.

## 2. *The Requested Misdemeanor Jury Instruction*

{12} Our analysis, however, is not complete upon our determination that Defendant was not placed in double jeopardy. We must also address Defendant's argument that the district court erred in refusing his request for a jury instruction as to possession of drug paraphernalia. On these grounds, we reverse Defendant's conviction and remand for a new trial.

{13} Contrary to the State's argument, the appropriate analysis on this point is not whether felony possession of cocaine contains all of the elements of possession of paraphernalia. Rather, in New Mexico, we apply the fact-dependant, cognate analysis. *See State v. Meadors,* 121 N.M. 38, 44, 46–47, 908 P.2d 731, 737, 739–40 (1995) (overruling *State v. Henderson,* 116 N.M. 537, 541, 865 P.2d 1181, 1185 (1993) to extent it applied same-elements test in this context).

{14} In *Meadors,* our Supreme Court announced the following test regarding the issuance of lesser-included offense instructions:

[T]he trial court should grant such an instruction if (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*Id.* at 44, 908 P.2d at 737. We recognize that the Court tailored this test to apply specifically to a prosecution, not defense, request. *See id.* at 41–42, 908 P.2d at 734–35. Indeed, the Court specifically refrained from "defin[ing] the precise contours of the defendant's right to a lesser-included offense instruction." *Id.* at 46, 908 P.2d at 739. Nonetheless, it did make clear "that the defendant's right to such an instruction is at least as great as the State's right, and that the defendant is entitled to such an instruction if, under the facts of a given case, the State would be so entitled." *Id.* at 47, 908 P.2d at 740. Upon consideration of this test, we also need not determine the outward extent of a defendant's right to request a lesser-included offense instruction. The *Meadors* test is sufficient for present purposes.

{15} Defendant was charged by criminal information. The State alleged "that on or about the 28th day of April, 1998, ... Defendant did intentionally possess a controlled substance, to wit: Cocaine, which is a narcotic drug...." As such, the document does not contain any specific allegations as to the theory of the State's case. However, we do not confine our analysis only to the charging document. We eschew such a strict method of analysis as unnecessary in the context of a defendant's request for a lesser-included instruction. Instead, we believe the appropriate focus is not merely upon the specific wording of the information, but also on the facts the State had arrayed and the theory of its case. We explain below.

{16} Of paramount concern to our Supreme Court in *Meadors* was defendant's due process right to notice, when analyzing the propriety of the State's request for a lesser-included offense instruction. *See id.* at 42, 908 P.2d at 735. While avoiding an "overly technical" or inflexible approach, the first *Meadors'* factor reflects this concern.

*Id.* at 44, 908 P.2d at 737. It effectively limits the State to its articulated theory of its case; that is, once initiated, the State cannot seek to have the jury instructed on a prosecution theory crafted in the middle of a case. To allow otherwise would deny a defendant due process by enabling the State to gain an unfair advantage by changing its established prosecutorial strategy late in the trial process. Conversely, to adhere strictly to the *Meadors'* analysis in the context of a defendant's request for a lesser-included offense instruction, ignores the Court's principal concern in that case and its implicit admonition that a defendant's right to a lesser-included offense instruction is effectively greater than the State's. *See id.* at 47, 908 P.2d at 740 ("[T]he defendant's right to such an instruction is at least as great as the State's right.").

{17} Moreover, we recognize that the Court in *Meadors* did not appear to limit itself strictly to the State's factual allegations as contained in the charging document, but considered an offense to be subsumed by a greater offense where " 'the greater offense cannot be committed [under the facts of the case as alleged in the charging document *and supported by the evidence* ] without also committing the lesser offense.' " *Id.* at 43, 908 P.2d at 736 (quoting *State v. DeMary,* 99 N.M. 177, 179, 655 P.2d 1021, 1023 (1982)) (alteration in original, but emphasis modified from original); *see State v. Jacobs,* 102 N.M. 801, 804, 701 P.2d 400, 403 (Ct.App.1985). In this regard, the charging document does not take on some talismanic quality under *Meadors,* but merely serves as a reliable indicator of the State's theory for purposes of determining whether Defendant was afforded proper notice of the charges against him.

{18} Turning then to the established theory of the State's case, Defendant clearly could not have committed possession of cocaine without also committing possession of paraphernalia. The State's theory was simple: Defendant was found in possession of two pipes; these pipes were scorched, indicating previous use, and while field tests indicated no presence of cocaine, laboratory testing indicated the presence of cocaine residue. As such, the State clearly sought to bootstrap a conviction for felony drug possession to Defendant's admitted possession of the cocaine pipes. But for the pipes, the State put forth no evidence or argument linking Defendant to any drug. Upon this record, we conclude that *Meadors'* first factor is satisfied.

{19} Regarding the second and third factors, the record clearly supports Defendant's entitlement to his requested instruction. First, as noted, the State presented evidence that Defendant was found with drug paraphernalia in his possession. Second, Defendant explicitly argued at trial that the State had failed to prove he knowingly possessed the cocaine residue. Thus, the distinctive element of the felony charge, as construed on the present record, was sufficiently in dispute that a rational jury could acquit on the felony and convict on the misdemeanor. Upon this record, we conclude the district court erred in denying Defendant's requested jury instruction. *See Meadors,* 121 N.M. at 52, 908 P.2d at 745; *State v. Escamilla,* 107 N.M. 510, 512, 760 P.2d 1276, 1278 (1988) (concluding defendant entitled to lesser-included offense instruction where evidence could be reasonably viewed as sustaining verdict that lesser-included offense was highest level of offense committed).

{20} Concluding thus, we do not ignore the State's contention that double jeopardy precludes Defendant's request for the lesser-included instruction. Instead, we are unpersuaded by it. *Cf. State v. Cowden,* 1996–NMCA–051, ¶ 8, 121 N.M. 703, 917 P.2d 972 (recognizing cognate approach analysis as inapplicable to double jeopardy questions). We have found no authority—either within or without our jurisdiction—contrary to this conclusion, and the State has failed to direct us to any support for its summary argument. We determine that double jeopardy alone does not prevent a defendant from seeking an instruction consistent with the theory of his defense. In the present case, we view Defendant's request for this instruction as tantamount to his seeking an instruction on an affirmative defense. *See State v. Castrillo,* 112 N.M. 766, 769, 819 P.2d 1324, 1327 (1991) ("If the evidence supports a theory of the case, a defendant is entitled to instruction on that theory."); *State v. Cooper,* 1999–NMCA–159, ¶ 17, 128 N.M. 428, 993 P.2d 745 (holding where defense-of-another theory was reasonably supported in law and evidence, "[d]efendant was entitled to an oppor-

tunity to prove his defense theory, supported by an appropriate jury instruction"). Here, Defendant argued that the State failed to meet its burden of demonstrating his knowing possession of cocaine. Instead of merely making this argument and leaving to the jury the up-and-down question of whether to convict on the cocaine charge, Defendant sought to allow the jury the ability to make a choice, that is, as between a lesser and a greater charge. This is a valid and appropriate defense strategy.

## CONCLUSION

{21} We reverse Defendant's conviction for felony possession of cocaine and remand the matter for a new trial. Upon remand, if Defendant is convicted of the lesser charge, that conviction shall be vacated as redundant of the prior misdemeanor conviction. *See State v. Varela*, 1999–NMSC–045, ¶ 40, 128 N.M. 454, 993 P.2d 1280.

{22} **IT IS SO ORDERED.**

BOSSON and SUTIN, JJ., concur.