This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. A-1-CA-36549**

**LOGAN REAVIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant Logan Reavis appeals from his conviction for second degree criminal sexual penetration (CSP II). We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a joint memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion and affirm.

{2}     We will begin our discussion with the issue originally raised in the docketing statement, challenging the sufficiency of the evidence. [DS 3; MIO 1-2] As we previously described in the notice of proposed summary disposition, [CN 3-4] the State presented testimony in support of all of the essential elements of the offense. Defendant does not dispute our recitation. [MIO 1] Nevertheless, he suggests that the State failed to adequately establish the element of mental anguish. [MIO 1] We disagree. The victim's testimony that she suffered severe mental anguish as a result of the assault, such that she was suicidal, [CN 4; RP 189] is sufficient. *See State v. Barraza*, 1990-NMCA-026, ¶¶ 8-9, 11, 110 N.M. 45, 791 P.2d 799 (observing that the mental anguish necessary to establish CSP II is simply distress of the mind, and holding that testimony describing the victim's mood swings, emotional turmoil, and efforts to avoid bad memories and embarrassment supplied sufficient evidence to support a verdict). We therefore reject Defendant's first assertion of error.

**{3}** We turn next to the motion to amend, by which Defendant seeks to expand upon the non-specific claim of ineffective assistance of counsel that was originally raised in the docketing statement. [MIO 2-4] Such a motion will only be granted if the issue is viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. For the reasons that follow, we conclude that this requirement is not met.

**{4}** "To establish a claim of ineffective assistance, a defendant must show error on the part of counsel and prejudice resulting from that error." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105, *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, 332 P.3d 850. "[E]rror is found if the attorney's conduct fell below that of a reasonably competent attorney." *Moore*, 1989 -NMCA-073, ¶ 32 (internal quotation marks and citation omitted). "Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

**{5}** Defendant contends that he received ineffective assistance of counsel as a result of his attorney's failure to discuss with him the question of "agreeing to the

submission of the lesser included offense of CSP II." [MIO 2] He relies upon the case of *State v. Boeglin*, 1987-NMSC-002, ¶ 8, 105 N.M. 247, 731 P.2d 943 (indicating that "the defendant, not defense counsel, ultimately must decide whether to seek submission of lesser included offenses to the jury"), to support his position.

{6} We reject the argument, principally because the record before us is insufficient to establish what transpired below. This is a fatal deficiency. *See State v. Jensen*, 2005-NMCA-113, ¶¶ 12-16, 138 N.M. 254, 118 P.3d 762 (rejecting a claim of ineffective assistance of counsel based on a failure to submit a lesser-included offense instruction, where the record contained "no indication that [the d]efendant's counsel acted in derogation of his client's wishes," and where the defendant offered "no persuasive argument that eliminates any conceivable and viable strategy or tactic"); *see also State v. Roybal,* 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]").

{7} Moreover, even if we were to assume that counsel failed to consult with Defendant on this matter, this is insufficient to establish prejudice. *See State v. Favela*,

4

2015-NMSC-005, ¶ 12, 343 P.3d 178 (indicating that even where categorically unreasonable conduct is established, it remains incumbent upon the defendant to prove that he was prejudiced by counsel's deficient performance); *State v. Duran*, 1988-NMSC-082, ¶ 12, 107 N.M. 603, 762 P.2d 890 ("[T]o establish a due process violation, and thus reversible error, the defendant must demonstrate prejudice."), *superseded by rule as stated in State v. Gutierrez*, 1998-NMCA-172, 126 N.M. 366, 969 P.2d 970. Although Defendant takes issue with trial counsel's agreement to the submission of that instruction, [MIO 2] it is not at all clear that counsel had any principled basis for objecting to the State's request. *See State v. Darkis*, 2000-NMCA-085, ¶¶ 14-20, 129 N.M. 547, 10 P.3d 871 (recognizing that *State v. Meadors*, 1995-NMSC-073, ¶ 11, 121 N.M. 38, 908 P.2d 731, provides the test for determining when a court should grant the state's request for an instruction on a lesser-included offense). The memorandum in opposition suggests none. We therefore conclude that the record on appeal does not provide a basis for remanding the issue of ineffective assistance to the trial court. *Cf. State v. Lopez,* 1996-NMSC-036, ¶¶ 25-26, 122 N.M. 63, 920 P.2d 1017 (concluding that a defendant did not establish that he suffered prejudice when his attorney's failure to object to a jury instruction did not affect the outcome of the trial).

{8} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, Defendant's conviction is **AFFIRMED**.

{9} **IT IS SO ORDERED.**

 

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**DANIEL J. GALLEGOS, Judge**

6