This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39169**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SAMMY GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Public Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant has appealed his convictions for aggravated assault with a deadly weapon, possession of a controlled substance, and tampering with evidence. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** First, we address Defendant's renewed challenge to the sufficiency of the evidence to support his conviction for possession of a controlled substance. [MIO 9-15] To very briefly summarize, the State presented evidence that a baggie containing heroin was seized from Defendant's person. [MIO 3] The heroin was readily observable as "a dark chunky substance," and a chemist subsequently extracted it and recorded its weight. [MIO 3] This is sufficient to support the conviction. *See, e.g.*, *State v. Tidey*, 2018-NMCA-014, ¶ 26, 409 P.3d 1019 (upholding the sufficiency of the evidence to support a conviction for possession of a controlled substance, where an arresting officer found in the defendant's pocket a small plastic bag containing a "weighable amount" of a white powdery substance that ultimately proved to be methamphetamine).

**{4}** In his memorandum in opposition Defendant characterizes the heroin as "residue," and contends that its minimal weight should be regarded as insufficient to support a conviction for possession of a controlled substance. [MIO 9-15] However, as Defendant acknowledges, [MIO 10] this argument is in conflict with well-established and longstanding authority. *See State v. Wood*, 1994-NMCA-060, ¶ 9, 117 N.M. 682, 875 P.2d 1113 ("[NMSA 1978, ]Section 30-31-23 [(2019)] is unambiguous; a plain reading of the provision indicates that any clearly identifiable amount of a controlled substance is sufficient evidence to support a conviction for possession of a controlled substance."); *State v. Grijalva*, 1973-NMCA-061, ¶ 17, 85 N.M. 127, 509 P.2d 894 (holding under prior law that "the mere possession of any amount of the prohibited substance is enough to violate the statutory proscription" against possession of a controlled substance). Although Defendant urges the Court to reconsider and overturn those authorities, [MIO 10-15] we remain unpersuaded that such an extraordinary departure is warranted. We therefore decline the invitation. *See generally State v. Gonzales*, 1990-NMCA-040, ¶ 30, 110 N.M. 218, 794 P.2d 361 ("Until we are faced with a case in which there is a reason to depart from a precedent, we will continue to apply it.").

**{5}** Defendant also renews his argument that the district court erred in denying his requested step-down instruction on possession of drug paraphernalia. [MIO 5-9] In order to obtain an instruction on a lesser included offense, "[t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (internal quotation marks and citation omitted). In this case, we remain unpersuaded that the evidence could reasonably be viewed in a manner which would suggest that possession of drug paraphernalia was the highest degree of crime committed. As previously stated, the State presented compelling evidence that Defendant was in possession of heroin. Although the quantity was small, the record reflects that it was readily observable as a "dark chunky substance" visible in a baggie. [RP 60]. This clearly constituted grounds for a conviction for possession of a controlled substance. *See generally Wood*, 1994-NMCA-060, ¶ 9, ¶¶ 13-14 (observing that "any clearly identifiable amount of a controlled substance is sufficient evidence to support a conviction for possession of a controlled substance" and ultimately holding that possession of syringes with exposed needles was sufficient to give rise to a reasonable inference of knowing possession of controlled substances contained therein). Although the baggie and cotton material in which the heroin was contained may have been

properly characterized as paraphernalia, the State was at liberty to specifically and exclusively pursue a conviction for the greater offense. *Cf. State v. Almeida*, 2008-NMCA-068, ¶ 21, 144 N.M. 235, 185 P.3d 1085 (concluding, in a double-description case, that "the [L]egislature did not intend to punish a defendant for possession of a controlled substance and possession of [drug] paraphernalia when the paraphernalia [charge] consists of only a container that is storing a personal supply of the charged controlled substance").

**{6}**     We acknowledge Defendant's attempt to analogize this case to the situation addressed in *State v. Darkis*, 2000-NMCA-085, 129 N.M. 547, 10 P.3d 871. However, as we parenthetically observed in the notice of proposed summary disposition, [CN 6] that case is readily and meaningfully distinguishable, on grounds that the "residue" that was found to be present was not readily observable, and consequently, the requisite inference of knowledge of possession of a controlled substance was fairly debatable. *Id.* ¶¶ 18-19. In this case, as previously stated, the evidence established that the heroin in Defendant's possession was readily observable. Under the circumstances, the inference of knowledge was beyond serious dispute. We therefore reject Defendant's assertion that the district court erred in declining to give the requested instruction.

**{7}**     Finally, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for aggravated assault with a deadly weapon, on the theory that the hypodermic needle with which he threatened the victim should not have been deemed a deadly weapon. [MIO 15-21] However, "it is well-settled that the fact-specific, case-by-case determination of whether an object satisfies the catch-all deadly weapon definition is to be made by a jury." *State v. Fernandez*, 2007-NMCA-091, ¶ 7, 142 N.M. 231, 164 P.3d 112. We remain of the opinion that the jury was at liberty to conclude, as it did, that a hypodermic needle could cause great bodily harm or death, particularly given its potential as a vehicle for the transmission of illness. *See, e.g., State v. Neatherlin*, 2007-NMCA-035, ¶¶ 13, 15, 141 N.M. 328, 154 P.3d 703 (reviewing precedent and concluding that the statutory catchall language is broad enough to include an individual's mouth, in light of the prospect of transmission of infectious disease).

**{8}**     Defendant contends that the State's presentation of evidence at trial should be deemed inadequate, in light of its failure to present either medical testimony on general risk or specific evidence that Defendant was actually a carrier of a disease which could have been transmitted in the event that he had stabbed the victim with the needle. [MIO 18-21] Although we acknowledge that the evidence of medical risk was far better developed in *Neatherlin*, we decline to hold that such an extensive presentation is requisite. Juries may "'use their common sense to look through testimony and draw inferences from all the surrounding circumstances.'" *State v. Phillips*, 2000-NMCA-028, ¶ 14, 128 N.M. 777, 999 P.2d 421 (citation omitted). We are of the opinion that the dangers presented by used hypodermic needles are sufficiently well-known that the jury could find Defendant guilty of aggravated assault with a deadly weapon based on the limited evidence presented. *Cf. State v. Schaaf*, 2013-NMCA-082, ¶¶ 12, 16, 308 P.3d 160 (holding that the dangerousness of certain conditions, including the risk of injury

presented by used drug paraphernalia including hypodermic needles, was apparent and did not require scientific or empirical testimony).

**{9}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**