This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40975**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PABLO GRIEGO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joseph Montaño, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Peter James O'Connor, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Following a jury trial, Defendant was convicted of twenty-eight counts of sexual exploitation of children (manufacturing), contrary to NMSA 1978, Section 30-6A-3(E) (2007, amended 2016); one count of sexual exploitation of children (distribution), contrary to Section 30-6A-3(C); and one count of sexual exploitation of children

(possession), contrary to Section 30-6A-3(A).[1] On appeal, Defendant argues that the district court committed reversible error by denying his request to instruct the jury on possession as a lesser included offense of each of the charged counts of manufacturing. For the following reasons, we reverse each count of conviction under Section 30-6A-3(E) and remand for a new trial as to those counts. We affirm Defendant's convictions under 30-6A-3(A),(C), which Defendant does not challenge.

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of specific facts for our analysis of the issues.

## DISCUSSION

**{3}** Defendant argues the district court erred by denying Defendant's request for a jury instruction on possession as a lesser included offense of the charged counts of manufacturing. Specifically, Defendant asserts that he was entitled to this instruction because, under both the State's theory of the case and the facts presented at trial; (1) possession was necessarily a lesser included offense of manufacturing; (2) there was sufficient evidence produced at trial to convict him of possession on all counts; and (3) the issue of whether he copied the files himself or instead merely possessed multiple copies of the files was sufficiently disputed such that he could be acquitted of manufacturing and convicted of possession. In response, the State argues that, under its theory of the case, Defendant was not entitled to a lesser included offense instruction on possession because (1) he did not have to possess the files in question to have manufactured copies of them; and (2) possession, as charged in the criminal information, required a separate and distinct element from manufacturing and therefore was not a lesser included offense.[2] We conclude that Defendant was entitled to possession as a lesser included offense instruction for each count of manufacturing.

**{4}** We review de novo the district court's refusal to instruct the jury on a lesser included offense requested by the defendant. *See State v. Munoz*, 2004-NMCA-103, ¶ 10, 136 N.M. 235, 96 P.3d 796. In doing so, "we view the evidence in the light most favorable to giving the requested instruction." *State v. Young*, 2021-NMCA-049, ¶ 13, 495 P.3d 1189 (internal quotation marks and citation omitted). When the court fails to instruct the jury on an appropriate lesser included offense there is a risk that "jurors who are not convinced of [the defendant's] guilt of the charged offense would nonetheless

---

1All references and citations to Section 30-6A-3 in this opinion are to the current version of the statute unless stated otherwise.

2The State argues that possession, as charged in the criminal information, cannot be a lesser included of manufacturing as charged in the criminal information. The State's argument is contrary to *State v. Meadors*, 1995-NMSC-073, 121 N.M. 38, 908 P.2d 731. The focus of the Meadors test is whether "the defendant could not have committed the *greater offense in the manner described in the charging document* without also committing the lesser offense [requested by the defendant]." Id. ¶ 12 (emphasis added). A separate charge in the criminal information that happens to be the same crime as the requested lesser included offense does not bear on our analysis.

convict [them] of [it]," believing they are guilty of the lesser crime and therefore that they must be punished. *See State v. Andrade*, 1998-NMCA-031, ¶ 11, 124 N.M. 690, 954 P.2d 755.

**{5}**     A defendant is entitled to a lesser included offense instruction when

> (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense . . .; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*State v. Meadors*, 1995-NMSC-073, ¶ 12, 121 N.M. 38, 908 P.2d 731; *see also State v. Juan*, 2010-NMSC-041, ¶ 23, 148 N.M. 747, 242 P.3d 314 (stating that the first part of the *Meadors* test, requiring the statutory elements of the lesser crime to be a subset of the statutory elements of the charged crime, is "unnecessary in the context of a defendant's request for a lesser[ ]included instruction").

**{6}**     Here, Defendant was charged with twenty-eight counts of manufacturing. Each count of manufacturing in the criminal information stated:

> Defendant did intentionally produce/process/copy by any means/print/package or repackage any obscene visual or print medium depicting any prohibited sexual act or simulation thereof and  [D]efendant knew or had reason to know that one of the participants in the act is a child under the age of eighteen years, contrary to Section 30-6A-3(E).[3]

Defendant requested a lesser included offense jury instruction on possession under Section 30-6A-3(A) for each count of manufacturing. The proposed possession instructions stated:

> For you to find [Defendant] guilty of "Sexual Exploitation Of Children" (Possession) as a lesser included offense of [Manufacturing] . . . the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> > 1. [D]efendant intentionally possessed a visual or print medium, to wit, the file named . . . in Exhibit . . .;

---

[3]Counts 1 and 2 in the criminal information charge Defendant with manufacturing under Section 30-6A-3(D) because those charged offenses occurred before the statute was amended. However, although the 2016 amendment reorganized the statutory subsections, the language defining the crimes remained the same. Therefore, the discrepancy in the statutory subsections cited does not affect our analysis.

2. The medium depicts a prohibited sexual act or simulation of such an act;

3. [D]efendant knew or had reason to know that medium depicts a prohibited sexual act or simulation of such act;

4. [D]efendant knew or had reason to know that one or more of the participants in that act is a child under eighteen (18) years of age;

5. The depictions are obscene.

The State objected to the requested instructions and the district court denied Defendant's request.

**{7}** Turning to the analysis of the *Meadors* factors in this case, we conclude that Defendant could not have committed manufacturing without also committing possession. Under the first prong of the *Meadors* test, the appropriate focus in determining if the lesser offense is necessarily included in the greater offense is on the facts the State developed at trial and its theory of the case.[4] *See State v. Darkis*, 2000-NMCA-085, ¶ 15, 129 N.M. 547, 10 P.3d 871. "In this regard, the charging document does not take on some talismanic quality . . . but merely serves as a reliable indicator of the State's theory [of the case]." *Id.* ¶ 17. At trial, the State's theory of manufacturing was straightforward: Defendant downloaded files onto one device he owned and then copied those files onto another device he owned, as demonstrated by the fact that each device contained some of the same files with different creation dates and, in some cases, different file names.[5] Under this theory, Defendant necessarily possessed the files after downloading them onto the first device before he "manufactured" copies of them onto the second device. In other words, Defendant could not have copied a file from one device to another without first possessing the file on the first device. Indeed, the State attempted to show that Defendant had copied and thus manufactured the files

_____

[4]The State also argues that possession cannot be a lesser included offense of manufacturing under the statute. The question before us is not whether possession is necessarily a lesser included offense of manufacturing under the *statute*, but whether under the State's theory and the facts adduced at trial, possession was a lesser included offense of manufacturing. *See Meadors*, 1995-NMSC-073, ¶ 12. Moreover, the State's concern about the unit of prosecution for possession is not relevant to whether Defendant is entitled to the lesser included instruction he seeks. *See State v. Rodriguez*, 2005-NMSC-019, ¶ 17 n.2, 138 N.M. 21, 116 P.3d 92 (stating that a defendant is entitled to seek a lesser included offense even if they have been convicted of the same offense because "there would be no governmental action with respect to the jury's consideration of the lesser included offense . . . and a guilty verdict on that offense would be void and accepted by the trial court as an acquittal on the only charge at issue, the greater offense.").

[5]Despite the State's assertion on appeal, and a brief aside to the district court in response to Defendant's motion for directed verdict, the State did not argue that if Defendant had separately downloaded the files to each of the two devices, his actions would still constitute manufacturing under the statute. Thus, this argument was not part of the State's theory of the case at trial and we will not address it further. *Darkis*, 2000-NMCA-085, ¶ 17 (stating that the focus in determining if "an offense [is] subsumed by a greater offense . . . [is] the facts of the case as alleged in the charging document and supported by the evidence" (alterations, internal quotation marks, and citation omitted)).

at issue by proving that Defendant possessed duplicates of the files created on different dates on two devices. Therefore, without showing Defendant possessed the files, the State could not prove he manufactured them. We conclude that the first *Meadors* factor is satisfied.

**{8}** Under the second factor, Defendant must show that "the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense." *Meadors*, 1995-NMSC-073, ¶ 12. Therefore, the State had to prove (1) Defendant intentionally possessed files containing obscene visual or print medium; (2) the medium depicts a prohibited sexual act or simulation of such an act; (3) Defendant knew or had reason to know that the medium depicts a prohibited sexual act or simulation of such act; (4) the depictions are obscene; and (5) Defendant knew or had reason to know that one or more of the participants in the act was a child under eighteen years of age. *See* § 30-6A-3(A); UJI 14-631 NMRA. The State presented unrebutted evidence that Defendant possessed two separate devices, an ACER laptop and a blue PNY flash drive, on which the files were located. In a statement made to police, Defendant admitted that he knew about some of the files found on those devices. Because this evidence is sufficient to sustain a conviction of possession, the second factor of the *Meadors* test is satisfied. *See Meadors*, 1995-NMSC-073, ¶ 12.

**{9}** Lastly, under the third factor, Defendant must show that "the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser." *Id.* Here, under the State's theory of the case and the facts supported by the evidence, the only difference between possession and manufacturing of the files was Defendant's act of copying the files from one device to another. Defendant argued that the State failed to prove he copied the files in question as opposed to possessing duplicate files on separate devices. This assertion is supported by the State's expert, who testified that there was no way to tell if the duplicate files at issue had been copied from one device to another or had been downloaded onto the two devices independently. The expert clarified that two independent downloads would create a duplicate of a file on two different devices with different creation dates. This testimony put the question of whether Defendant copied the files from one device to another, or obtained the files through independent downloads, sufficiently in dispute such that a rational jury could acquit Defendant of manufacturing but still convict him of possession. *See id.* Thus, the sole element of manufacturing as charged distinguishing it from possession as requested by Defendant was sufficiently in dispute at trial to satisfy the final *Meadors* factor.[6] Because all three *Meadors* factors are satisfied, the district court erred in

---

6The State also asserts in its answer brief that because the source of the file does not matter under the sexual exploitation of children (manufacturing) statute, if Defendant downloaded the files at issue twice as opposed to copying them he could still be convicted of manufacturing. We acknowledge that the definition of "manufacture" in the statute is broad and may encompass downloading multiple copies of the same files. However, this was not the State's theory of the case at trial. Therefore, we refuse to address this argument on appeal. See Meadors, 1995-NMSC-073, ¶ 12; Darkis, 2000-NMCA-085, ¶ 15.

denying Defendant's request that possession be given as a lesser included offense instruction.

**CONCLUSION**

**{10}** For the above reasons, we conclude Defendant was entitled to a lesser included offense instruction of possession on each of the charged counts of manufacturing. As such, we reverse Defendant's convictions for sexual exploitation of children (manufacturing) under Section 30-6A-3(E), and remand for a new trial as to those counts.

**{11} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**