This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38573**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOHN RADOSEVICH,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**    The sole issue of this appeal is whether the district court erred in instructing the jury on aggravated assault (deadly weapon), contrary to NMSA 1978, Section 30-3-2(A) (1963), as a lesser included offense of aggravated battery (deadly weapon), contrary to NMSA 1978, Section 30-3-5(C) (1969). Determining that, under the facts at hand, the district court did not err in granting the State's request for an instruction on aggravated assault (deadly weapon) as a lesser included offense of aggravated battery (deadly weapon), we affirm.

**BACKGROUND**

**{2}** In October 2018, John Radosevich (Defendant) asked Derek Overman if he could stay at his house in Albuquerque, New Mexico for a few days, and Overman agreed. Defendant requested to move in with Overman on October 15, 2018. Because Overman already had a roommate, Shar Luketa, he denied Defendant's request. That same evening, Defendant began arguing with Luketa, punched him, and left Overman's home. Defendant returned to the home around 2:30 a.m., and Overman was awakened by the sound of glass breaking. Overman then went outside and saw Defendant backing a vehicle out of the driveway. As Overman walked toward the vehicle, Defendant began driving toward him. Overman testified that he tried to jump out of the way, but the vehicle's mirror hit him near his left shoulder.

**{3}** Defendant was indicted on charges including aggravated battery (deadly weapon), and alternatively aggravated battery (bodily harm), as to Overman, as well as battery as to Luketa. During a jury trial, the State requested a jury instruction on aggravated assault, and Defendant objected. The district court granted the State's request and instructed the jury on aggravated assault. Defendant also filed a motion for a new trial on this ground, which the district court denied. The jury found Defendant guilty of aggravated assault (deadly weapon) but hung on the charges of aggravated battery (great bodily harm) as to Overman and battery as to Luketa. Defendant appeals.

## DISCUSSION

### The District Court Properly Instructed the Jury on the Lesser Included Offense of Aggravated Assault With a Deadly Weapon

**{4}** On appeal, Defendant disputes that the evidence deduced at trial is sufficient to sustain a conviction on the lesser offense of aggravated assault (deadly weapon) and maintains that aggravated assault (deadly weapon) is not a lesser included offense of aggravated battery (deadly weapon).[1] The State answers that the district court properly instructed the jury on the lesser included offense of aggravated assault.

**{5}** "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. It is well settled law that the district court

---

1Defendant also contends that he was denied constitutionally adequate notice of the lesser offense. In light of our holding that the district court did not err in granting the State's request for a jury instruction on aggravated assault with a deadly weapon, we necessarily determine that Defendant was provided adequate notice. *See State v. Montoya*, 2015-NMSC-010, ¶ 43, 345 P.3d 1056 ("When one offense is a lesser included offense of a crime named in a charging document, the defendant is put on notice that he or she must defend not only against the greater offense as charged but also against any lesser included offense." (alteration, internal quotation marks, and citation omitted)). Moreover, we deem it significant that the State's theory—that Defendant attempted to strike Overman with a vehicle—has remained consistent, and thus, Defendant had the opportunity to present any evidence that contradicted such theory. *See State v. Hernandez*, 1999-NMCA-105, ¶ 30, 127 N.M. 769, 987 P.2d 1156 (concluding that the defendant's right to notice of the charges against him was violated where the jury was instructed on an uncharged lesser included offense where the defendant contended that he "would have put on specific evidence" that contradicted the evidence offered by the state to prove uncharged elements of the lesser charge).

may instruct the jury on, and the defendant may be convicted of, uncharged crimes as long as those crimes are lesser included offenses of the charged crime. *See State v. Johnson*, 1985-NMCA-074, ¶ 26, 103 N.M. 364, 707 P.2d 1174.

**{6}**     *State v. Meadors* provides guidance for how courts should determine whether one crime constitutes a lesser included offense of another. 1995-NMSC-073, ¶¶ 12-13, 121 N.M. 38, 908 P.2d 731. The *Meadors* Court set forth the "cognate approach" explaining that the district court should grant a request for a lesser included instruction when:

> (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*Id.* ¶ 12. All three prongs of the cognate approach must be satisfied to entitle a party to a lesser included offense instruction. *See, e.g.*, *State v. Contreras*, 2007-NMCA-119, ¶¶ 23-24, 142 N.M. 518, 167 P.3d 966 (affirming the district court's refusal to grant the defendant's request for a lesser included offense instruction because the defendant failed to establish the third prong of the *Meadors* cognate approach). We note that the *Meadors* cognate approach has been described as best applicable when the state requests a lesser included offense instruction. *See* 1995-NMSC-073, ¶¶ 5, 12; *see also State v. Darkis*, 2000-NMCA-085, ¶ 14, 129 N.M. 547, 10 P.3d 871 (explaining that the cognate approach is "tailored . . . to apply specifically to a prosecution . . . request"). In determining whether the three prongs of the standard have been met, we "look[] to the elements of the respective offenses . . . as seen through the prism of the charging documents and the facts alleged therein." *State v. McGee*, 2002-NMCA-090, ¶ 10, 132 N.M. 537, 51 P.3d 1191.

**{7}**     Here, in its charging document, the State asserted that "[D]efendant did touch or apply force to . . . Overman, with a vehicle, a deadly weapon[.]"[2] Regarding the lesser included offense, the jury was instructed as to aggravated assault with a deadly weapon, in relevant part, as follows:

---

[2]Although Defendant argues that "the charging document was incorrect throughout the litigation, identifying Shar Luketa as the victim[,]" and "[i]t was amended after the close of the evidence[,]" Defendant provides no citation to the record to support such assertions. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Our review of the record instead demonstrates that the State's theory of the case was that Defendant battered and assaulted both Luketa and Overman.

For you to find [D]efendant guilty of aggravated assault by use of a deadly weapon as charged as an included offense . . . the [S]tate must prove . . . the following elements of the crime[:]

(1) [D]efendant drove his motor vehicle at Derek Overman;

(2) [D]efendant's conduct caused Derek Overman to believe [D]efendant was about to intrude on Derek Overman's bodily integrity or personal safety . . . [;]

(3) A reasonable person in the same circumstances as Derek Overman would have had the same belief;

(4) [D]efendant used a deadly weapon. Defendant used a motor vehicle.

{8} Examining the first *Meadors* cognate approach factor, whether Defendant could have committed the greater offense without also committing the lesser offense, the district court first correctly conceded that assault is not necessarily a component of all acts of battery. *See, e.g.*, *In re Marlon C.*, 2003-NMCA-005, ¶¶ 12, 14, 133 N.M. 142, 61 P.3d 851 (holding that an assault charge based on threatening conduct that occurred earlier in the same evening as a battery was not a lesser included offense of that battery); *cf.*, *State v. DeMary*, 1982-NMSC-144, ¶ 12, 99 N.M. 177, 655 P.2d 1021 (holding that aggravated assault was included in the greater offense of aggravated battery where the defendant threatened victim with a knife causing her "to believe that she was about to be seriously injured or killed").[3] However, as the district court explained, the lesser included offense of aggravated assault was limited to Overman's anticipation of being struck when Defendant drove a vehicle across Overman's lawn toward him. Under the State's theory as set forth in the charging documents, by using a vehicle to "touch or apply force to . . . Overman," Defendant committed aggravated battery (deadly weapon). Because the charge of aggravated assault (deadly weapon) arises from Overman's anticipation of such applied force, aggravated assault was necessarily a component of the battery in this case. Therefore, we agree with the district court that under the facts at hand, the lesser included offense of aggravated assault (deadly weapon) is factually included in the greater offense of aggravated battery (deadly weapon).

{9} Considering whether the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense, we determine that the second *Meadors* cognate approach factor is met. Although Defendant asserts that "the evidence at trial was conflicting[,]" the evidence presented was sufficient to uphold a conviction of aggravated

---

3To the extent Defendant asserts that the "district court's reliance on *State v. DeMary* . . . was misguided" because it "was confusing" in light of *Meadors*, we note that the district court merely relied on *DeMary* as an example of when aggravated assault is necessarily included in aggravated battery. Moreover, although *Meadors*, 1995-NMSC-073, ¶ 8, noted that "*DeMary* has left some confusion in its wake[,]" the *Meadors* Court did not overturn *DeMary* and explained that the appellate courts "will continue to adhere to the cognate approach as set forth in *DeMary*." *Meadors*, 1995-NMSC-073, ¶ 12.

assault (deadly weapon). Defendant asserts that there is insufficient evidence regarding Overman's belief that Defendant was about to intrude on his bodily integrity or personal safety and regarding Defendant's requisite mental state of "inten[t] to injure." We disagree.

{10}     Our review of the record demonstrates that Overman testified to his mental state. When asked "when [Defendant] came toward you, what did you think?" Overman responded "[g]et out of the way . . . [b]ecause he was going to hit me." Overman also testified that he witnessed the altercation between Defendant and Luketa and was awakened by the sound of Defendant breaking the windows of Overman's home. To the extent that Defendant asserts that the State was also required to demonstrate that a reasonable person would have had the same belief, we clarify that the State need only put forth evidence that Overman was aware that he was going to receive unwanted physical contact. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 15, 278 P.3d 517 ("Our law of assault generally requires evidence that the victim actually, subjectively comprehended that he or she was going to receive unwelcome physical contact."); *see also id.* ¶ 14 ("The requirement that the victim must *actually believe*, and that a *reasonable person* in the victim's circumstance also *would believe*, that he or she was about to be assaulted indicates a dual subjective and objective test . . . Therefore, the [s]tate's evidence must satisfy both a subjective and an objective standard."). From the evidence presented, a reasonable jury could find that a reasonable person in Overman's shoes, having witnessed the events leading to this appeal, including Defendant fighting with Luketa, smashing the windows of Overman's home, and then accelerating quickly towards Overman in a vehicle, would have feared for his safety. Therefore, we conclude that the State presented sufficient evidence to satisfy both the subjective and objective reasonable person standard.

{11}     Our review of the record also demonstrates that there was sufficient evidence that Defendant intended to injure Overman. Overman explained that when he first saw Defendant in the vehicle, Defendant was initially backing out of Overman's driveway. However, once Defendant saw Overman coming towards Defendant, Defendant put the vehicle in drive and accelerated toward Overman. Overman further testified that Defendant apologized to him stating, "I'm sorry for trying to run you over[.]" Overman's neighbor, Matthew Hamilton, who witnessed the events also confirmed Defendant's intent to injure, explaining that he witnessed Defendant "put [the vehicle] in drive and tore towards [Overman.]" Hamilton further stated that "it looked like [Defendant] was aiming the vehicle right at [Overman]." Taking Hamilton and Overman's testimony together, it is reasonable for a jury to infer that Defendant intended to injure Overman. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). For these reasons, we conclude that the evidence presented at trial is sufficient to sustain a conviction for aggravated assault (deadly weapon).

{12}     Considering the final *Meadors* cognate approach factor—whether the elements that distinguish the greater and lesser offenses are sufficiently in dispute—we remain

unpersuaded that the district court erred in granting the State's request for an instruction as to aggravated assault (deadly weapon). Although Defendant asserts that inconsistencies in Overman's testimony regarding where and if he was struck by the vehicle weigh in favor of a determination that the evidence adduced at trial was insufficient to support a conviction of aggravated assault (deadly weapon), such inconsistencies instead demonstrate that the third *Meadors* cognate approach factor is met. For instance, on the night of the incident, Overman told police officers that he was struck by the vehicle on his stomach. However, at trial, Overman testified that he was hit in the shoulder by the vehicle's side mirror. Overman's neighbor, Hamilton, further complicated the question of whether and where Defendant was struck by the vehicle, testifying that he saw Overman "step backwards and . . . f[a]ll over." Because of the apparent inconsistencies in Overman's testimony, as well as Hamilton's inability to determine whether Overman fell over because he was struck by the vehicle, the question of whether the vehicle made contact with Overman's body was not definitively resolved. Thus, we determine that the additional element required to prove aggravated battery (deadly weapon)—weather Defendant "touched or applied force to Overman,"— is sufficiently in dispute, such that a reasonable jury could acquit Defendant on aggravated battery (deadly weapon) and convict on the charge of aggravated assault (deadly weapon). *See Meadors*, 1995-NMSC-073, ¶ 12. Therefore, we hold that the State's request for an instruction for aggravated assault (deadly weapon) satisfies each of the three *Meadors* cognate approach factors.

**CONCLUSION**

**{13}** We hold that the district court did not err in granting the State's request for the lesser included offense instruction. Thus, we affirm.

**{14}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**