This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40402**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**SHAYLA ROMERO a/k/a SHAYLA JANIEL ROMERO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** A jury convicted Defendant Shayla Romero of battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971); aggravated fleeing a law enforcement officer, contrary to NMSA 1978, Section 30-22-1.1 (2003, amended 2019); and improper turning movements and required signals, contrary to NMSA 1978, Section 66-7-325(A) (1978). On appeal, Defendant seeks reversal of her convictions for battery and

aggravated fleeing, arguing that the district court erred by refusing to instruct the jury on self-defense and a lesser included offense. Additionally, Defendant argues that there is insufficient evidence to support her conviction for aggravated fleeing. For the following reasons, we affirm.

## DISCUSSION

**{2}** Defendant presents three arguments on appeal: (1) the district court improperly denied her request for a jury instruction on self-defense; (2) the district court improperly denied her request for a jury instruction on resisting, evading, and obstructing an officer as a lesser included offense of battery upon an officer; and (3) there was insufficient evidence to convict her of aggravated fleeing because the State failed to prove beyond a reasonable doubt that the officers involved in the pursuit complied with the Law Enforcement Safe Pursuit Act. We address each argument in turn.

## I.    Self-Defense Instruction

**{3}** First, Defendant argues that the district court erred in denying her request for a self-defense instruction. "We review de novo whether a trial court properly refused a defendant's tendered jury instruction because the question is closer to a determination of law than a determination of fact." *State v. Lymon*, 2021-NMSC-021, ¶ 29, 488 P.3d 610 (internal quotation marks and citation omitted).

**{4}** "[A] self[-]defense instruction is required whenever a defendant presents evidence sufficient to allow reasonable minds to differ as to all elements of the defense." *State v. Lopez*, 2000-NMSC-003, ¶ 23, 128 N.M. 410, 993 P.2d 727 (internal quotation marks and citation omitted). For a self-defense instruction, "there must be evidence that the defendant was put in fear by an apparent danger of immediate bodily harm, that [the defendant's] actions resulted from that fear, and that the defendant acted as a reasonable person would act under those circumstances." *State v. Denzel B.*, 2008-NMCA-118, ¶ 6, 144 N.M. 746, 192 P.3d 260 (alterations, internal quotation marks, and citation omitted). "A jury instruction for self-defense against a police officer additionally requires the defendant to provide some evidence that the police officer used excessive force." *Lymon*, 2021-NMSC-021, ¶ 31. If "the court concludes that reasonable minds could not find that the officer used excessive force, the matter ends there, and the court should not instruct the jury on the elements of self-defense." *State v. Ellis*, 2008-NMSC-032, ¶ 17, 144 N.M. 253, 186 P.3d 245.

**{5}** In both the district court and on appeal, the State provided sufficient evidence such that reasonable minds could not differ about whether the actions taken by the officer in the course of his encounter with Defendant constituted excessive force. The officer testified to using several different methods to restrain Defendant after pursuing her in a high-speed vehicle chase and a subsequent foot chase. When the officer caught up to Defendant on foot, he "push[ed] her down forward[] into the dirt." Despite being pushed, Defendant did not stop resisting the officer. She began to stand up, and the officer "placed her into an arm bar . . . takedown" to put her back on the ground.

However, Defendant continued to resist and tried to stand up again. The officer, who was still holding Defendant's right arm, pulled her arm so she was unbalanced and fell onto her back. The officer testified that he bore his weight mostly on his own legs and did not put his weight on Defendant. Defendant continued to struggle, rolled onto her side, and bit the officer on his inner thigh. The officer then applied pressure to Defendant's wrist as a pain compliance technique in an effort to release her bite. Aside from one passing mention, Defendant makes no attempt to identify which of these actions constituted excessive force. In fact, it appears Defendant's cursory argument on appeal addresses different actions than those that were presented to the district court as excessive force. *See id.* ¶ 34 (focusing on the particular aspect of force that the defendant argued was excessive). Regardless of the deficiencies in Defendant's argument, the facts indicate that the officer's initial force was met with Defendant's continued resistance, to which the officer responded with incremental force "in proportion to the circumstances with which he was confronted[,]" *see id.* ¶ 41. Based on the foregoing, Defendant has not met the burden on appeal to demonstrate error. *See State v. Johnson*, 2024-NMCA-015, ¶ 38, 541 P.3d 141 ("[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments that the district court has erred.") (alteration, internal quotation marks, and citation omitted)).

**{6}** Moreover, Defendant fails to state what evidence would allow reasonable minds to differ as to whether the officer's use of force was excessive. *See State v. Romero*, 2005-NMCA-060, ¶ 8, 137 N.M. 456, 112 P.3d 1113 ("In the case of self-defense, there must be some evidence, even if slight, to support the defense."). Instead of pointing us to evidence in the record, Defendant summarily asserts that "[t]here was sufficient evidence presented that the force was excessive . . . ." To the extent that Defendant argues that the force was per se excessive because she announced at some point to the officer that she was pregnant, Defendant fails to meaningfully develop this argument or provide any case law to indicate why this announcement alone is sufficient to prove excessive force. Therefore, Defendant has failed to provide us with a reviewable argument and the facts to support it. Accordingly, we affirm the district court's refusal to instruct the jury on self-defense. *See Johnson*, 2024-NMCA-015, ¶ 38 ("Absent any argument applying the relevant law to the particular facts and circumstances and explaining why the district court erred, we apply our presumption of correctness and affirm.").

## II.    Lesser Included Offense Instruction

**{7}** Next, Defendant asserts that the district court erred in denying her request for an instruction on resisting, evading, or obstructing an officer as a lesser included offense of battery upon a peace officer. "We review the propriety of a district court's refusal to instruct on a lesser[ ]included offense under a de novo standard." *State v. Munoz*, 2004-NMCA-103, ¶ 10, 136 N.M. 235, 96 P.3d 796. On review, we view the evidence "in the light most favorable to the giving of the requested instruction." *State v. Henley*, 2010-NMSC-039, ¶ 25, 148 N.M. 359, 237 P.3d 103 (internal quotation marks and citation omitted).

**{8}** When a defendant requests a lesser included offense instruction, we use the cognate approach endorsed by our Supreme Court in *State v. Meadors*, 1995-NMSC-073, 121 N.M. 38, 908 P.2d 731.[1] *See State v. Darkis*, 2000-NMCA-085, ¶ 14, 129 N.M. 547, 10 P.3d 871 (applying the *Meadors* test to a defendant's request for a lesser included offense instruction). Under the cognate approach, a party is entitled to a lesser included offense instruction "if (1) the defendant could not have committed the greater offense in the manner described in the charging document [and supported by the evidence] without also committing the lesser offense . . . ; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser." *Meadors*, 1995-NMSC-073, ¶ 12. All three prongs of the cognate approach must be satisfied to entitle a party to a lesser included offense instruction. *See, e.g.*, *State v. Contreras*, 2007-NMCA-119, ¶¶ 23-24, 142 N.M. 518, 167 P.3d 966 (affirming the district court's refusal to grant the defendant's request for a lesser included offense instruction because the defendant failed to establish the third prong of the *Meadors* cognate approach).

**{9}** In this case, Defendant requested a lesser included offense jury instruction on resisting, evading, or obstructing an officer under NMSA 1978, Section 30-22-1 (1981). The proposed instruction stated:

> For you to find . . . [D]efendant guilty of resisting, evading[,] or obstructing an officer, a lesser[ ]included offense of [b]attery upon a [p]eace [o]fficer . . . , the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1.      [The officer] was a peace officer in the lawful discharge of duty;
>
> 2.      [D]efendant knew [the officer] was a peace officer;
>
> 3.      [D]efendant resisted or abused [the officer] in the lawful discharge of [his] duties;
>
> 4.      This happened in New Mexico on or about the 5th day of August, 2019.

---

1It appears there are two tests this Court uses to assess whether a party is entitled to a lesser included offense instruction. *See id.* ¶ 12; *see also State v. Jernigan*, 2006-NMSC-003, ¶ 21, 139 N.M. 1, 127 P.3d 537 ("Failure to instruct the jury on a lesser included offense of a charged offense is reversible error if: (1) the lesser offense is included in the greater, charged offense; (2) there is evidence tending to establish the lesser included offense and that evidence establishes that the lesser offense is the highest degree of crime committed; and (3) the defendant has tendered appropriate instructions preserving the issue." (citing *State v. Hill*, 2001-NMCA-094, ¶ 16, 131 N.M. 195, 34 P.3d 139)). It is not clear from the case law when one test might apply instead of the other.

Here, Defendant relies on the test as set forth in *Meadors*, while the State relies on the *Jernigan* test. As both tests are substantially similar for purposes of our analysis, and our holding remains the same under either test, we proceed in our analysis using the *Meadors* test as relied on by Defendant.

The State objected to the instruction, arguing that the charged conduct was the act of biting the officer and was not the same conduct that Defendant alleged in support of her instruction on resisting, evading, or obstructing. The district court denied Defendant's requested instruction.

**{10}**    We conclude that Defendant was not entitled to a jury instruction on resisting, evading, and obstructing an officer as a lesser included offense. Defendant asserts that the first *Meadors* factor is met because this Court has previously held that resisting an officer is a lesser included offense of battery of an officer.[2] However, it is not clear that resisting an officer is a lesser included offense of battery upon an officer in every factual circumstance. There are two factual circumstances in which a person may resist or abuse an officer:[3] first, "by avoiding doing something required, including refusing to comply with an officer's orders"; and second, by directly engaging with an officer. *State v. Jimenez*, 2017-NMCA-039, ¶¶ 38-39, 392 P.3d 668. At trial, Defendant argued that her requested instruction was warranted because the jury could conclude that she did not bite the officer and, therefore, the most serious offense she committed was resisting an officer when she ran from him after he instructed her to "stop." This argument addresses the first alternative. On appeal, although Defendant acknowledges the argument she made below, she seemingly asserts that the jury could have found her guilty of resisting due to her efforts to physically resist the officer, which is the second alternative way in which a person may be convicted of resisting an officer. For purposes of our analysis, we accept Defendant's argument on appeal and address the second alternative.[4]

**{11}**    With respect to the first *Meadors* factor, Defendant could not have committed battery upon an officer without also resisting or abusing an officer under the second alternative since physically resisting an officer is included in the offense of battery. *See State v. Hill*, 2001-NMCA-094, ¶ 17, 131 N.M. 195, 34 P.3d 139 ("[W]e have previously held that a defendant cannot commit peace officer battery without having also resisted or abused an officer." (internal quotation marks and citation omitted)); *State v. Padilla*, 1983-NMCA-096, ¶ 9, 101 N.M. 78, 678 P.2d 706 (holding that resisting an officer is a

---

2In her brief in chief, Defendant relies on *State v. Ford*, 2007-NMCA-052, ¶ 18, 141 N.M. 512, 157 P.3d 77 to support this assertion. However, our holding in *Ford* was based on an application of the "same elements" test that *Meadors* overruled in the context of jury instructions. *See Ford*, 2007-NMCA-052, ¶¶ 20-21; *Meadors*, 1995-NMSC-073, ¶ 22. Rather, the proper inquiry is whether the greater offense could have been committed under "the facts the [s]tate . . . arrayed [at trial] and the theory of its case" without also committing the lesser offense. *Darkis*, 2000-NMCA-085, ¶ 15.

3Defendant does not identify which subsection of Section 30-22-1 is relevant to her request for an instruction on resisting, evading, and obstructing an officer. However, based on the language of her requested jury instruction, we assume she sought to instruct the jury on Section 30-22-1(D) as the lesser included offense. *See* § 30-22-1(D) (stating that a person may violate the subsection by "resisting or abusing any judge, magistrate or peace officer in the lawful discharge of [their] duties").

4We note that, even if we were to address Defendant's argument as was made to the district court, we would still affirm. Defendant was charged with battery upon a peace officer for the act of biting the officer. Defendant's failure to obey the officer's command to stop running away, which occurred earlier in the pursuit, is not necessarily included in the completed battery. *See In re Marlon C.*, 2003-NMCA-005, ¶ 14, 133 N.M. 142, 61 P.3d 851 (holding that an assault committed earlier in an episode was not a lesser included offense to a completed battery under *Meadors*).

lesser included offense of battery on a peace officer because the only difference between the two is that battery "requires the resisting or abusing to have culminated in a touching, while resisting also prohibits lesser forms of resisting"), *aff'd in part, rev'd in part on other grounds*, 1984-NMSC-026, 101 N.M. 58, 678 P.2d 686. As to the second factor, the officer's testimony about his physical encounter with Defendant is sufficient to support a conviction for resisting or abusing an officer under the second alternative. *See, e.g.*, *State v. Cotton*, 2011-NMCA-096, ¶ 23, 150 N.M. 583, 263 P.3d 925 (holding that there was sufficient evidence to convict a defendant of resisting an officer under Section 30-22-1(D) when the defendant kicked at officers who were trying to place him in a police car and positioned his legs and head to prevent officers from closing the door).

**{12}** Thus, we turn to the third *Meadors* factor, which requires that "'(1) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that (2) a jury rationally could acquit on the greater offense and convict on the lesser.'" *State v. Sotelo*, 2013-NMCA-028, ¶ 14, 296 P.3d 1232 (quoting *Meadors*, 1995-NMSC-073, ¶ 12). Here, considering the State's theory of the case and the facts supported by the evidence, the only difference between resisting an officer and battery is Defendant's act of biting the officer. *See State v. Neatherlin*, 2007-NMCA-035, ¶ 23, 141 N.M. 328, 154 P.3d 703. Defendant asserts that the audio and video from the officer's dashcam do not show that she bit the officer and therefore the jury could have acquitted her of battery. We are unpersuaded.

**{13}** Reviewing the record in the light most favorable to Defendant, it does not appear that the nature of the officer's injury was disputed at trial. The officer testified that he was bitten and treated for a bite, and the State presented photos showing what appears to be a bite mark. During cross-examination, Defendant did not ask the officer about the biting or the injury it produced. Instead, Defendant's only question on the point was to clarify on which leg the officer was bitten. Although Defendant argued during closing that the State failed to prove that she bit the officer, all of the evidence about the physical interaction between Defendant and the officer came from the officer's testimony. To convict on the lesser included, the jury would have had to fragment the officer's testimony to find that the bite did not occur but the other resisting did occur. *See State v. Notah*, 2022-NMCA-005, ¶ 21, 503 P.3d 418 ("We will not fragment the testimony to such a degree as to distort it in order to construct a view of the evidence which would support the giving of the instruction." (internal quotation marks and citation omitted)). The only rational view of the evidence in whole is that Defendant bit the officer. Thus, Defendant has not established that the requisite evidentiary showing below would allow a rational jury to acquit her of battery and convict her of resisting an officer. Therefore, the district court did not err in denying Defendant's request for an instruction on the lesser included offense of resisting, abusing, or obstructing an officer.

### III.    Sufficiency of the Evidence

**{14}** Finally, we briefly address Defendant's contention that insufficient evidence supports her conviction for aggravated fleeing because the State failed to prove that law

enforcement complied with the Law Enforcement Safe Pursuit Act as required by Section 30-22-1.1(A). In *State v. Padilla*, our Supreme Court held that compliance with the Law Enforcement Safe Pursuit Act is not "an essential element of the crime of aggravated fleeing." 2008-NMSC-006, ¶ 33, 143 N.M. 310, 176 P.3d 299. Therefore, the State does not need to prove compliance beyond a reasonable doubt. *See id.* ¶ 23. This Court is bound by our Supreme Court's decision in *Padilla* and we do not have the authority to overrule it. *See State v. Mares*, 2024-NMSC-002, ¶ 31, 543 P.3d 1198 (stating that this Court is bound by Supreme Court precedent). Accordingly, we affirm Defendant's conviction for aggravated fleeing.

**CONCLUSION**

**{15}** For the foregoing reasons we affirm Defendant's convictions for battery upon a peace officer and aggravated fleeing.

**{16}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**